L. S. WILKINS *vs.* W. W. HUMPHREYS et al.

In this case H., who is but an assignee, acquired the right to enforce the vendor's lien for the purchase-money retained upon the lot by B. originally. *Tanner* v. *Hicks*, 4 S. & M. 294, cited and confirmed. But the facts of the case will not justify H. in enforcing his lien upon more than an undivided half of the lot, the interest of March; for as he purchased the property with Mason, who has paid his portion of the purchase-money in the satisfaction of the judgment against H., we feel disposed, in the absence of any distinct agreement to the contrary with H., to establish this rule, as we think a payment of either of the judgments against H. was intended between the parties to discharge the property from the lien to that extent. *Held*, that the decree of the vice-chancellor was erroneous in subjecting the whole of the property to the payment of the purchase; it should only have subjected half the lot.

The exceptions in the court below to the report of the commissioners ought to have been sustained, because notice was not given to the defendant when the account was to be taken. *Held*, that it was error in the court below, to confirm the report of the commissioners.

IN error from the vice-chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains a clear statement of the facts of the case.

*Evans & Topp*, for appellant.

*Boykin & Cruse*, for appellees.

Mr. Justice YERGER delivered the opinion of the court.

In 1842, Butterworth sold a lot in the town of Columbus to Wilkins for $3000, and gave him a bond to convey by deed on payment of the purchase-money, for which Wilkins gave his

three several promissory notes of $1000 each. Wilkins paid one of the notes, and failed to pay the other two, upon which he was sued by Butterworth. Upon one the suit was brought in the district court of the United States at Pontotoc. Upon the other it was brought in the circuit court of Lowndes at Columbus. Judgment was rendered in favor of Butterworth in both suits. After the rendition of the judgments, Wilkins sold an undivided interest of one half of the lot to the defendant, Mason, who agreed to pay the judgment in the circuit court of Lowndes, as part of the purchase-money. He sold the other undivided interest of one half of the lot to the defendant, March, who agreed to pay the judgment in the district court at Pontotoc. When the executions were issued on the several judgments, Mason joined with Wilkins in the forthcoming bond taken in the case in the Lowndes circuit court, and March joined with him in the forthcoming bond, taken for the delivery of the property levied on by virtue of the execution from the district court. Both bonds were forfeited. In the meantime, Butterworth had assigned both judgments to Adolphus G. Weir, informing him that there was a lien upon the lot for the purchase-money. When executions were issued upon the forfeited forthcoming bonds, Mason and March both applied to complainant, Humphreys, to advance for them the respective amounts of the several executions to Wier, and to take from him an assignment thereof. Humphreys saw Weir, who informed him that there was a lien retained by the vendor on the lot for the payment of the purchase-money, and that he could enforce that lien, and obtain satisfaction or payment of the judgments. On this representation, Humphreys agreed to advance, and did advance, the amount of the respective executions, and received an assignment of the several judgments from Weir. Mason and March each agreed to pay Humphreys in consideration of this advance, five per cent. a month on the amount of the respective judgments against them. Mason assigned his interest in the lot to one Gullett, who has paid to Humphreys the amount of the judgment against Mason on the forthcoming bond. March has not paid the amount of the judgment on the forthcoming bond made by him, and this

bill is filed to enforce the vendor's lien on the lot, and obtain payment thereof by a sale of the lot under that lien.

The chancellor referred the case to a commissioner, to report the amount due, who made a report. This report was excepted to by defendants, because no notice was given them of the time and place of taking said account. The exceptions to the report were overruled, and the report confirmed, and a final decree was made for the sale of the whole lot, for the amount due on the judgment, which March had assumed to pay, and from this decree an appeal is prosecuted.

In this case we do not doubt that Humphreys acquired the right to enforce the vendor's lien, retained by Butterworth. The principle laid down in the case of *Tanner* v. *Hicks*, 4 S. & M. 294, will certainly sustain this position. But while this is true in relation to the right to enforce the lien, we think the facts will not justify him in enforcing it upon more than an undivided half, the interest of March in the lot. As Wilkins sold an undivided half of the lot respectively to Mason and March, who were to pay the several judgments in the manner before stated, we think it very clear that it was understood between them and Humphreys, when he acquired the control of the judgments, that a payment by either of the judgment against him would discharge his part of the property from any lien for the remainder. And in the absence of a distinct agreement to the contrary, we would feel disposed, on the facts of this case, so to establish the rule. The chancellor's decree was therefore erroneous, in subjecting the whole property to the payment of the note and judgment which March had assumed to pay. It should only have subjected an undivided half of the lot for that purpose.

We think, too, the exception to the report of the commissioner, because notice was not given to the defendants, of the time when said account was to be taken, should have been sustained, and that the order of the chancellor confirming the report is erroneous. The decree must be reversed, and the cause remanded for further proceedings, when the case must be again referred to a commissioner, to take an account of the amount due of the original purchase-money, for the pay-

ment of which amount a decree shall be entered for the sale of the undivided half of the lot conveyed by Wilkins to March.

Decree reversed, and cause remanded.