ANTHONY C. FONDA *v.* SARAH JONES *et al.*

1. VENDOR'S LIEN: WAIVER OF, BY TAKING SECURITY. — Whenever the vendor takes the mere personal security of the purchaser, it is not a waiver of the implied equitable lien of the vendor, unless there is an express agreement between the parties to waive the lien.

2. SAME: NOTE OF PURCHASER WITH SECURITY PRIMA-FACIE EVIDENCE OF WAIVER OF LIEN: MAY BE REBUTTED BY PROOF. — A note of the vendee given for the purchase of land, with the security of a third person, is *primá-facie* evidence that the vendor intended to waive and abandon his lien on the estate for the payment of the purchase-money; this evidence may be rebutted by satisfactory proof that it was intended that the vendor should retain his lien.

APPEAL from the Chancery Court of Tallahatchie county. Hon. Wm. Cothran, chancellor.

Appellant and his wife, in 1859, sold and conveyed by deed, without any special reservation of lien, certain lands to Dickson

Priddy, and took the two notes under seal of Priddy and Cullen McCullin as surety, payable to appellant, to secure the two last instalments of the purchase-money. The said notes not having been paid, appellant, in 1866, filed his bill against appellees, the widow and heirs of Dickson Priddy, to enforce the vendor's lien. The bill alleges, that at the time of the sale and conveyance, it was agreed that the vendor's lien should be retained on the land as security for the payment of the purchase-money.

To this bill appellees demurred, which was sustained, and the bill dismissed. From this decree an appeal was taken.

*W. S. Eskridge* for appellant.

1. The taking of security of a third person is only presumptive evidence of a waiver of the vendor's lien, and like any other presumption, it may be rebutted by proof that the lien was not waived, but was agreed to be retained. 2 Story's Eq. 645, § 1224; 4 Kent, 153.

The case of *Clower* v. *Rawlings*, 9 S. & M. 122, does not conflict with the principle contended for. It was not alleged in that case that there was an agreement to retain the lien.

2. It is not necessary, in a court of equity, that the waiver should appear as a part of the written contract; the rule may be different in a court of law. *Carter* v. *Burrus*, 10 S. & M. 527; *Prewett* v. *Dobbs*, 13 S. & M. 431; *Vasser* v. *Vasser*, 23 Miss. 378; *Anding* v. *Davis*, 9 Geo. 574.

No counsel for appellees.

PEYTON, J., delivered the opinion of the court.

The appellant and wife sold and conveyed to Dickson Priddy certain land situated in Tallahatchie county, and took his two certain promissory notes under seal, commonly called bills single, with Cullen McCullin as surety therein, payable to the appellant, for the two last instalments of the purchase-money. The said bills single not being paid, the appellant filed his bill against the appellees in the Chancery Court of said county of Tallahatchie, to enforce the vendor's lien on said land for the

unpaid purchase-money. The bill alleges that, at the time of the sale and conveyance as aforesaid, there was a distinct understanding between the appellant and said Dickson Priddy, that the vendor's lien should be retained on said land as a security for the payment of the said notes, the said Cullen McCullin being joined with said Dickson Priddy in the same as additional security for their payment.

To this bill of complaint the appellees, Sarah Jones and Thomas Jones, filed their demurrer, which was sustained by the court, and the bill dismissed. And from this decree the cause is brought into this court by appeal.

The doctrine of the vendor's lien is a highly equitable one, and eminently consistent with the most perfect notions of moral justice. It has existed in the English Equity Courts for centuries. It has been adopted in most of the American States whose equity systems may be regarded as at all settled, and in the national courts.

This lien prevails against the vendee and all persons claiming under him, except mortgagees and *bond-fide* purchasers for valuable consideration without notice; and such purchaser must be a purchaser from the grantor, and not a purchaser at execution sale.

The question of the vendor's lien has generally arisen, not from a general denial of the doctrine, but only of its application to the particular case under consideration, in consequence of an alleged *waiver* of the lien by some act of the party claiming it. The rule in this respect is to sustain the implied lien whenever the vendor has taken the mere personal security of the purchaser only, and to consider any bond, note, or covenant given by the vendee alone as intended only to countervail the receipt of the purchase-money contained in the deed, or to show the time and manner in which the payment is to be made, unless there is an express agreement between the parties to waive the equitable lien; and, on the other hand, to consider the lien as waived, whenever any security is taken on the land, or otherwise, for the whole or any part of the purchase-money, unless there is an express agreement that the equitable lien on the

land shall be retained. This constitutes a safe rule, easily understood, and which we consider as established by a weight of authority in this country which is not easily shaken.

The taking of the note of the purchaser with a third person as surety thereon is evidence of a waiver of the lien. But that evidence may be rebutted by satisfactory proof that it was intended that the vendor should retain his lien. At all events, it is *primâ-facie* evidence of a waiver, and the *onus* is on the vendor to prove, by the most cogent and irresistible circumstances, that it is not to have that effect. 2 Washburn on Real Property, 91, third ed.; *Boon* v. *Murphy*, 6 Blackford, 272; *Way* v. *Patty*, 1 Carter (Ind.) Rep. 102; *Campbell* v. *Baldwin*, 12 Humphrey, 248, 258; *Mims* v. *Macon and Western R. R. Co.*, 3 Kelly's Rep. 333, and *Baum* v. *Grigsby*, 21 California, 172.

The weight of the authorities is clearly in favor of the opinion that the law gives no lien in favor of the vendor of the estate where the note or bond of the vendee with a third person as security, is taken for the purchase-money, unless there be an express agreement that the lien shall be retained. And as, in the case under consideration, the bill avers that there was such an agreement, we are of opinion that the defendants should answer.

For this reason we think the court below erred in sustaining the demurrer and dismissing the bill.

The decree must be reversed, the demurrer overruled, and cause remanded, with leave for the defendants to answer the complainant's bill of complaint within sixty days from this date.