Syllabus.

John D. Pitts et al. v. Peter A. Parker et al.

44 247
J73 799

1. VENDOR AND VENDEE—LIEN.—As between vendor and vendee, a lien results or is implied without any express reservation thereof, and springs out of the transaction. This equity of the vendor can only be displaced by some affirmative act on his part, and the *onus* of proving its waiver or abandonment lies on vendee. 9 Paige, 211.

2. SAME—ASSIGNMENT.—This equity of the vendor subsists so long as he occupies the relation of creditor to the vendee against him and purchasers from time with notice; but when this relation of creditor is gone the lien ceases. The assignment of the note or bond for the purchase money does not carry with it the equity of the vendor. 6 How., 362; 30 Miss., 165.

3. LIEN—EXTINCTION—REVIVOR.—This right is personal, and incapable of transmission from him by assignment; and if the vendor, having assigned or transferred the debt for the purchase money, gets it back again, the lien instantly springs up and re-attaches to the land; and the vendor will be restored to his original rights and equities.

4. SPECIFIC PERFORMANCE.—A vendor who retains the legal title to the land, but gives his obligation to convey when the mony is paid, can resort to chancery to compel the vendee to accept the deed and pay the price, or to order a sale of the land to raise the money. 2 S. & M., 591; 4 ib., 299.

5. ASSIGNMENT—REMEDY.—The assignment of the debt takes with it the security resulting to the vendor by the withholding of the title, and the assignee will be entitled to all the remedies which a court of equity could afford to the vendor. 10 S. & M., 191.

6. ASSIGNMENT OF NOTES—CONVEYANCE OF TITLE—PRIORITY OF LAND.—The vendor sold land, retaining title until the payment of the purchase money, and assigned the notes, and afterwards, and before the payment of the notes, conveyed the title to his vendee. The lien of the assignee is superior to that of a judgment creditor of the vendee. Upon the assignment the equity of the assignee is complete, and no act of the assignor *ex post facto* can impair it. 10 S. & M., 191; 23 Miss., 313.

7. CREDITOR SUBSTITUTED—NO LIEN.—N., by agent, sold land to one S., and conveyed the same to him by deed. By agreement of the parties, O., the agent, paid the purchase money to N., and took the notes of S. for the purchase money of the land, payable directly to himself, and was thus substituted as the creditor of S. for the purchase money. The relation of vendor and vendee does not exist between these parties, and the payee of these notes has no lien on the land for the purchase money. 25 Miss., 89.

8. TRANSFER OF DEBT—EXTINGUISHES LIEN.—If the vendor has parted with the debt for the purchase money so that he cannot rightfully collect and appropriate it, he is no longer virtually the creditor of the vendee, and the lien ceases. The mere fact of the retention by him of the legal title to the note will not support the lien for the benefit of the equitable assignee. Nor will the fact that it was so retained on the agreement that it should be executed for that purpose, make any difference.

9. RECITAL OF CONSIDERATION IN NOTE CREATES NO LIEN.—A recital in the body of the note that it was given for the land specifically described therein, does not create an express lien on land. It is always competent to prove it by parol. The consideration of a note, and the recital of the consideration on its face, can have no other effect than to furnish written evidence of the fact.

Appeal from the chancery court of Hinds county. WATTS, J. The appellant assigns the following, as error:

That the court below erred in overruling the demurrer of appellants, to the bill of Peter A. Parker and E. E. McGowan.

*Johnston & Johnston*, for appellants,

Insisted that the relation of vendor and vendee does not exist between these parties; the deed from Byram to Mc-Gowan, contains no reservation of any lien; the note contains none, but merely recites that it was given for the payment of the purchase money for the land. This creates no lien, express or implied. The decisions to this effect are numerous. The assignee of a note given for the purchase money of land, obtains no lien on the land for which the note was given; the assignment destroys the lien. Briggs et al. v. Hill, 6 How., 362; Burke et al. v. Gray, ib.; Dollahite et al. v. Orme, 3 S. & M., 590; Tanner et al. v. Hicks et al., 4 ib., 294; Parker v. Kelly et al., ib., 184; Wilkins v. Humphreys et el., 23 Miss., 311; Skaggs v. Nelson, 25 ib., 88; Trotter v. Evans, 27 ib., 774; Walker v. Williams, 30 ib., 165; Lewis v. Beatty et al., 32 ib., 52; Littlejohn v. Gordon, ib., 235; Davidson v. Allen et al., 36 ib., 419; Klyce v. Broyles, 37 ib., 524; Stratton v. Gold, 40 ib., 778.

The spirit of these decisions is in harmony with the equitable principle on which the doctrine of vendor's lien reposes. It is just and equitable that an unpaid vendor of land shall have his money, before the general creditors shall come in and take the land he had sold, and before any subsequent purchaser with notice shall take it. When the vendor assigns the note for value, he is paid, and the whole reason of the equitable rule is swept away. The demurrer to the bill, therefore, was well taken, and ought to have been sustained·

*D. Shelton*, for appellees,

When Byram sold the land to McGowan, he, by agreement, reserved a vendor's lien, describing the land in the note, as the consideration, and when he delivered the note to Parker, for value, it was expressly agreed between them that he, Byram, should enforce the vendor's lien for Parker's benefit, and in order that he might effect this, he retained the legal

title to the note.   On these facts alone, if Byram could have been made a party complainant, the lien could have been enforced for the benefit of Parker.

Although Byram cannot be party, Parker comes in jointly with McGowan (the vendee of Byram), who is interested, and state the facts showing the necessity of the equitable remedy; and ask that Parker may have the benefit of the agreement with Byram.   The lien in this case was created by express agreement between Byram and McGowan, and the numbers of the land inserted in the notes to that end. 2 Washb. on Real Prop., 92; Meigs' Tenn. R., 32 ; 2 Yerger, 84; 4 S. & M., 294.

McGowan sold the land to Coon, for $1,500, and informed him of the existence of the note, that it was for the purchase money, and was a lien on the land.   In a settlement between McGowan and Coon, the latter is credited with this note on the $1,500, in the same manner as if he had actually paid it.   Coon afterwards sold part of the land to defendant, Lewis, who, in like manner assumed to pay off this note, and thus lift the incumberance, but has failed to do so.   These facts create an equity in favor of McGowan, even if no vendors lien existed, and in favor of the holder of the note, which either may enforce.

It is a fraud on both Parker and McGowan, for Coon and Lewis to refuse to comply with their agreements ; a fraud on McGowan, because he thereby gets only half the price for which he sold the land to Coon, and has to pay the note which they are bound to pay; fraud against Parker, because he will loose a debt justly due him, and which Coon and Lewis are by these agreements, bound in good conscience to pay.

On default of payment, both Parker and McGowan's equities demand a sale of the land.   Coon and Lewis assumed the debt as an encumberance on the land, and retained the amount in their own hands; and it has been withheld only for the purpose of discharging this encumberance, recognized and assumed as an encumberance on the land.

Simrall, J. :

E. B. McGowan and Peter A. Parker, brought their bill in chancery against the administrator and heirs of John Coon deceased, and Erwin Lewis; asserting a lien on a tract of land described in the pleadings.

The bill alleges that on the 12th September, A. D. 1859, McGowan bought the land from J. C. Byram, for the price of $700, secured by note payable 1st January, A. D. 1861, specifying on its face that its consideration was the land. The land was conveyed to McGowan by deed. The note was transferred to Parker by Byram (without indorsement), by delivery, who thereby became the owner and holder. The legal title was returned to Byram, who agreed to enforce the vendor's lien for the benefit of Parker.

In July A. D. 1863, McGowan sold to John Coon, the land for $1,500—whether by deed, bond for title, or other agreement, the complainant does not know. Coon purchased with knowledge that the original purchase money was not paid, and that the lien therefor existed. Coon undertook to pay this note. On settlement had between Coon and McGowan, Coon credited himself with the $700 dollar note and interest, in part discharge of his debt of $1,500. Coon sold part of the land to Erwin Lewis, but for what price, and the description, or whether conveyed or not, complainant does not know. Byram and McGowan agreed that the vendor's lien should be retained. It was also agreed between Byram and Parker, that the note carried with it the lien, which should be enforced by Byram for Parker's benefit. Byram has removed from the state; whether he is living or dead the complainant does not know.

It has been often adjudged in this court that, as between vendor and vendee, a lien results or is implied, without an express reservation. It springs out of the transaction, and this equity of the vendor can only be displaced by some affirmative act on his part. The *onus* of proving its waiver or abandonment is on the vendee. In Crippin v. Humance, 9 Paige, 211, a bond and mortgage was taken as security for

the purchase money. These being declared void for usury, the debt to the vendee was not merged therein, but remained an equitable lien on the land.

This equity of the vendor subsists so long as he occupies the relation of creditor to the vendee; against him, and purchasers from him with notice. When the relation of creditor is gone, the lien ceases; such has been the rule in this state, since the case of Briggs v. Hill, 6 How. 364. That case was very carefully considered, and held in accordance with the great weight of American authority: that the assignment of the note or bond, for the purchase money, did not carry with it the equity of the vendor. Perhaps Kentucky, Indiana and Alabama, are the only states asserting the contrary principle. 2 Wash. Real Prop., 92, Walker v. Williams, 30 Miss., 165.

This right or " privilege," as the civilians denominate it, is personal, and incapable of transmission from him by sale, or assignment.

It was very distinctly intimated in Briggs v. Hill, 6 How., 364 that if the vendor gets back from his assignee, the debt, for the purchase money, that the lien instantly springs up, and re-attaches to the land.

In a subsequent case not yet reported, it is declared that in such circumstances, the vendor would be restored to his original right and equity. The doctrine is in itself so just that it commends itself to the full sanction of a court of conscience.

There are other sorts of lien for the purchase money, which stand upon a different footing, and are much broader in their scope and effect. Dillahunty v. Orme, 2 S. & M., 591, is the representative of one of these classes; there vendor retained the legal title, but came under an obligation to convey on payment of the money; he can appeal to the chancery court, to compel the vendee to accept the deed, and pay the price, or submit to a sale of the land to raise the money.

Tanner v. Hicks, 2 S. & M., 299, brought into judgment the effect of a retention by the vendor of a legal title; it was

regarded as a security for the purchase money; it was said by the court to be the same thing as conveying the title, and taking back a mortgage to secure the debt; from this, the consequence is deduced, that an assignment of the debt takes with it the security resulting to the vendor, by the withholding of the title, and that the assignee would be entitled to all the remedies which a court of equity could afford to the vendor.

The efficacy of this equity and the completeness with which the assignee is invested with it, is illustrated in Parker v. Kelly, 10 S. & M., 191, the title was retained until the payment of the notes for the purchase money; the vendor assigned the notes, and some time after this, conveyed the title by deed. In a controversy between the assignee, and a judgment creditor, it was held that the equity of the assignee was superior to the lien of the judgment, and that the assignor can do no act which will defeat the claims of his assignee. The equity of the assignee was complete at the time of the transfer of the notes, and nothing done by the assignor *ex post facto*, could impair it. Wilkins v. Humphreys, 23 Miss., 313; Stanton v. Gould, 40 Miss., 178. The lien was retained expressly on the face of the deed; and in such cases, the lien passes with the debt.

The cases establish the proposition, that if the title remains with the vendor, an assignment of the notes of the vendee passes with it the lien on the land. So, too, if the lien is expressly retained on the face of the deed.

Skaggs v. Nelson, 25 Miss., 89, is strongly analogous in its facts, to the one under consideration. The bill alleged: "that one Jonathan S. Nelson was the owner of the land, and bargained it, by S. O. Nelson, the complainant, as agent, to said Skaggs, and conveyed it to him by deed; that by agreement, complainant paid Jonathan the amount of Skaggs' purchase, and took his promissory note directly to himself, for the purchase money, and thus complainant was substituted as Skaggs' creditor, for the purchase money, and clothed with all the rights of vendor in relation to the premi-

ses." After affirming that the vendor's lien is founded on an implied trust between vendor and vendee, and that an assignment of the debt does not convey the vendor's lien, the court declared that the relation of vendor and vendee does not exist between the parties. And, to give effect to the parol agreement, would overturn the statute of frauds, and let in the flood of mischief it was intended to guard against. The exceptional fact, upon which the equity of Parker reposes (if he has any), is, that the note was transferred to him by Byram, by delivery, without endorsement, for a valuable consideration. Byram, by express agreement, was to retain the legal title, and through that, enforce the lien for the benefit of Parker. There is no substantial difference as to the effect or consequence of a transfer of the note, whether by delivery or endorsement, except as to the remedy by suit on the paper. The indorsement is the only mode of transferring the legal title to the paper, unless negotiable by delivery, but in accordance with the principle laid down in MS. opinion, the assignee, by delivery, in the former case, acquires a complete equitable title, and can enforce it by bill in chancery. He thereby becomes beneficially the owner of the debt that has passed completely beyond the control of the assignor; nor has he the control of the naked legal title which remains with him. The courts will so deal with it, that it shall be exerted or not in aid of the equitable owner. We understand the principle of the cases to be, that if the vendor has parted with the debt, for the purchase money, so that he cannot rightfully collect and appropriate it, he is no longer virtually the creditor of the vendee, and the lien ceases. The mere fact that he retains the legal title to the note, will not support the lien for the benefit of the equitable assignee, nor coupled with the other fact relied on in the bill, that it was so retained, on the agreement that it should be exerted for that purpose, create an equity, or give such additional merit as to make it recognizable in a court of equity.

Nor do the averments in relation to the sale by McGowan

to Coon, show a case entitling Parker to a remedy against the land. Both the transactions between Byram and Parker, and McGowan and Coon, show an effort by agreement, to create or continue a lien, condemned by the case of Skaggs v. Nelson, already cited.

The recital in the body of the note, that it was given for the land therein specifically described, does not create an express lien on the land. It was always competent to prove by parol, the consideration of a note. The statement of the consideration on its face has no other virtue than to furnish written evidence of the fact.

We are of opinion that the averments of the bill do not show an equity in the complainant, Parker, as against the land, and to that extent the demurrer ought to have been sustained. It may be that the bill can be so amended as to entitle the complainant to relief.

Rendering here such judgment as the chancery court ought to have entered, we reverse the order of the chancellor, sustain the demurrer to the bill, and remand the cause, with instructions to allow the complainants (if they apply) to amend their bill, otherwise that the same be dismissed.