WM. M. STRICKLAND VS. H. KIRK.

1. VENDOR AND VENDEE: *Bond for title not recorded. Possession. Constructive notice.*

The possession of a vendee, who has received only a bond for title, operates as notice to the world of whatever rights the vendee acquired by his purchase, although the bond for title be not recorded.

2. SAME: *Same. Relation of vendor and vendee.*

A conveyance of lands, when only bond for title passes, creates between the vendor and vendee similar rights and incidents as pertain to the relation of mortgagee and mortgagor. The retention of the legal title by the vendor, who has executed a bond for title, operates simply as an equitable mortgage. The mortgage is the incident, the debt the principal. He is without further interest, except to the extent of the security the mortgage affords for his debt.

APPEAL from the Chancery Court of *Marshall* County.

Hon. L. C. ABBOTT, Chancellor.

The facts of the case are very fully set out in the opinion of the court.

The following is assigned for error: "The court below erred in overruling the demurrer filed to the bill by appellants, and perpetuating the injunction."

*Strickland & Fant, Walter & Scruggs,* and *Featherston, Harris & Watson,* for appellant:

Strickland, trustee, is a *bona fide* purchaser for value (Kelly *v.* Mills, 41 Miss., 267), and stands in a better condition than a judgment creditor. Money *v.* Dorsey, 7 S. & M., 22 ; 1 Story Eq., § 403 ; 4 Kent, 154 ; 41 Miss., 384 ; Parker *v.* Foy, 43 id., 265. See, also, Frazer *v.* Robinson, 42 id., 129. Long had a substantial interest in the property. 2 Story Eq., § 1021 ; Marlow

& Hoskins v. Johnson, 31 Miss., 128. A first mortgagor cannot attach a third mortgage to the first, to the prejudice of a second mortgage duly registered. 1 Story Eq., §§ 402, 403 ; 4 Kent, 174 (side page). A purchaser is presumed to have notice of every fact disclosed by any recital in any way essential to his title. Gordon v. Sizer, 39 Miss., 805. And so when a party cannot make out his title but by a deed which leads him to another fact, he shall be presumed to have notice of that fact. Martin v. Nash, 31 Miss., 324.

*J. W. C. Watson*, for appellee :

A mortgagee is one who holds the legal title to the property of another as security for a debt. Long sold the land, executed bond for title, and held the legal title as security ; this was the same thing as conveying the title and taking a mortgage. 4 S. & M., 300 ; 42 Miss., 400 ; Meigs (Tenn.), 56. When a mortgage is recorded, the record is a notice to all; and one who buys the title vested by the mortgage, without taking a transfer of the debt, gets nothing, as the title without the debt is valueless. 7 Humph., 127 ; 2 Cow., 196 ; 36 New York, 44 ; 5 Johns. Ch., 570–2 ; 4 Johns., 42, 43 ; 1 Wall., 49. Possession is sufficient without recording the title bond. Jones v. Loggins, 37 Miss., 546 ; 1 S. & M. 70 ; 44 Miss., 694. Kirk is entitled to all set-offs acquired before transfer of his notes. Code, 1871, § 2228. Kirk paid his last note in good faith, and it is a protection to him. 6 Cald., 472 ; 2 Parsons on Notes, etc., 52.

SIMRALL, J., delivered the opinion of the court.

In October, 1865, Kirk bought of Long a certain tract of land, and agreed to pay for it in cotton, to be delivered in annual installments. The last, for 2,500 pounds, or five bales of 500 pounds each, matured the 20th of October, 1869. Long gave to Kirk a bond for title in the penalty of $9,000, conditioned to execute a deed on payment of the entire consideration. Kirk went into immediate possession of the premises, and has continued since in their occupancy. The title bond was never recorded.

In July, 1869, Long executed a deed conveying the same land to Strickland in trust, to secure a loan of money to him for account of the Marshall County Monument Association, which was recorded in August, 1869.

At the date of this loan and security therefor, Kirk had paid to Long all the debt, except the last installment and some arrears on former ones, as set forth in Long's statement and the agreement of counsel.

Strickland being about to execute the trust deed, in April, 1870, Kirk made final payment to Long. The obligation of Kirk to Long for the last installment, was not at the date of the trust deed, or at the date of its record, transferred to Strickland.

A demurrer to the bill was overruled, and from that order an appeal was taken. The relief sought by Kirk on the foregoing facts was an injunction restraining the sale by the trustee Strickland.

It has been settled by numerous cases in this state, commencing with Dixon v. Doe, ex dem. Lacoste, 1 S. & M., that the open possession and occupancy of land by the vendee is implied notice of his right; or, as sometimes stated, is a fact from which notice may be inferred. According to the case made in the bill, Strickland had implied notice of Kirk's purchase, and he is thereby placed in the same attitude as if Kirk's title bond had been recorded. 45 Miss., 694–8.

When Strickland accepted the trust security from Long in 1869, in legal effect, he had notice of the character of Kirk's interest in the land; that is, that Kirk was purchaser from Long, with bond for title on complete payment of the price. The relation which Kirk and Long sustained towards each other was this: Kirk was equitable owner of the land, charged and burdened with an equity in favor of Long for the unpaid purchase money. Long retained the legal title as a security for what was due him. Each bore towards the other the relation of trustee; Long retained the title on the trust that it should be assigned to Kirk on payment of the cotton; Kirk was trustee for the money or cotton due to

Long. In such a case, say the court in Dollahite *v.* Orne, 2 S. & M., 592, "the vendor stands in the attitude of a mortgagee." In Tanner *v.* Hicks et al., 4 S. & M., 300, it is said "the retention of title by the vendor upon a sale is in effect the same thing with conveying the title and taking a security by mortgage." Therefore the assignee of the note for the purchase money may enforce the equity for its security to the same extent the vendor could. See, also, Pitts *v.* Parker, 44 Miss., 251, 252. These observations of the court serve to illustrate very clearly the relative rights of vendor and vendee. Long was as if mortgagee of Kirk. He could in equity enforce his security upon the land by a bill in the nature of specific performance, which would result in a sale to raise the money. His assignee of the unpaid purchase money would take the same measure of benefit as in the case of an ordinary mortgage.

Substantially the same questions which arise in this case were considered in Taylor *v.* Lowenstein et al., 50 Miss., 280-1-2-3. There the controversy was between the vendee in possession, with an unrecorded title bond, and a judgment creditor of the vendor, who sought to subject the land to sale, under his judgment. In describing the interest of the judgment debtor, the court used this language : " The right which remained substantially in Thornton, the judgment debtor, was to retain the title until the debt, the price, was paid to him. The creditor had a right to subject all of Thornton's interest to his judgment, that was a claim to the title as security for his debt. If the creditor can appropriate that interest, he gets all that the debtor had." It was also said, that the mode of reaching that interest was by bill in chancery, against vendor and vendee, whereby the equity of the vendor on the land as security for the debt might be applied to the satisfaction of his judgment. But the land itself was not subject to the judgment.

As we have seen, the vendor is treated by the courts as mortgagee; his retention of the title operates as an equitable mortgage, which is of equal import as the ordinary mortgage. They

are alike in this essential, that both are securities for the debt. The doctrine of modern times, which is tending to almost universal acceptance, is, that the mortgagor is the real owner of the land, and that from him it is transmissible by descent, devise or conveyance, and that the interest of the mortgagee is only regarded as real estate, so far as may be necessary to give him the full benefit of his security. The mortgage is a burden and lien imposed upon it, as security for the debt. The debt is the principal, the mortgage the incident. Therefore, the mortgagee cannot transfer an interest in the land, without an assignment of the debt. Jackson v. Bronson, 19 Johns., 325. He has no interest in the land, except as a security for the debt. A decree against the mortgagee alone would not pass a title. McGan v. Marshall, 7 Humph., 121. Nor is it subject to attachment or seizure on execution. 1 Wall., 58.

If these principles have application to the case before us, a creditor of Long must be remitted to such contract or remedy as would devote to his use the debt due from Kirk to him, which would carry along with it the equity of Long on the land. If Kirk's obligation, due in 1869, had been assigned to him, it would have carried with it all the security which Long had for its payment. And since the only interest he had in the land was incident to the debt, and a security for it, he could only acquire property in the incident by becoming interested in, or owner of the principal — the debt.

There is no error in the decree overruling the demurrer to the bill, and it is affirmed, with leave to defendants to answer in forty days from this date.