GREEN *et al. v.* RULE *et al.*\*

(Division A. June 9, 1924.)

[100 So. 380. No. 24106.]

1. VENDOR AND PURCHASER. · *Deed conveying land in consideration of third party's note held to give vendor equitable or implied lien.*
   Deed conveying land in consideration of two notes executed by third party, payment of which purchaser warranted, *held* to give vendor an equitable or implied lien for purchase money.

2. EVIDENCE. *Intent as to waiver of vendor's lien may be shown by parol testimony.*
   Intent of parties as to whether vendor's lien is waived may be shown by parol testimony.

3. VENDOR AND PURCHASER. *Whether vendor waived vendor's lien held question of fact for trial court.*
   Whether vendor waived lien by acceptance of third party's notes with purchaser's warranty of payment *held* question of fact for trial court.

---

\*Headnote 1. Vendor and Purchaser, 39 Cyc, p. 1791 (1925 Anno); 2. Evidence, 22 C. J., section 1611; 3. Vendor and Purchaser, 39 Cyc, p. 1872 (1925 Anno).

APPEAL from chancery court of Sunflower county.

HON. E. N. THOMAS, Chancellor.

Bill by Mrs. Lida Rule and others against R. R. Green and others. From decree overruling a demurrer to bill, defendants appeal. Affirmed and remanded.

*Floyd & Easterling,* for appellants.

Precisely stated the deed was made in consideration of a transfer, assignment and warranty of personal property, to-wit: the two notes described. Therefore we have the question raised as to whether or not any implied lien can be retained under the terms of this deed.

Putting the matter in simple form, where A conveys a lot of land to B in consideration of the transfer, assignment and warranty of a white horse, in case the horse should be worthless, can A have a lien fixed on the lot conveyed? Or should he have any lien at all? We say that he would not. We further say that any claim that A would have against B would be an action at law for fraud and deceit if there had been any material misrepresentation in the quality of the personal property traded for the land. A would have action at law for the breach of the collateral covenant, but to maintain such action in the very nature of things, A would have to affirm the conveyance in suing for a breach thereof, but A would have no lien on the land he conveyed. For in order to fasten an equitable or implied lien upon property conveyed, there must have been a fixed, certain and definite amount of purchase money due for the land in said conveyance, and it must be due, not as breach of any collateral covenant, but as balance of purchase money as such.

This court has expressly decided the very question and the decision of this court is one based on the greater reason and supported by the greater weight of authority. *Harvey* v. *Kelly,* 41 Miss. 49, 93 A. D. 267; *Patterson* v.

*Edwards et al.,* 29 Miss. 67, is directly in point and is conclusive of this case.

The rule which appears to be settled by the authorities is, that in order to create such a lien, there must be a debt for unpaid purchase money to be fixed amount due directly to the vendor. If the obligation consists of a collateral covenant, no lien is retained when the conveyance is absolute; and where the obligation of the vendee to discharge such liability appears to be substituted for the purchase money, the lien is lost, for the obligation of the purchaser is taken instead of the purchase money, or a direct security for it. *Clark* v. *Royle,* 3 Sim. 499; *Paris* v. *Sweetland,* 3 My. & K. 655; *Buckland* v. *Pocknell,* 13 Sim. 406; *Brawley* v. *Catron,* 8 Leigh, 522; *Henderson* v. *Wilson,* 40 Ill. 23; *Winter* v. *Fain,* 47 Ark. 493, 1 S. W. 711, 39 Cyc. 1838; *Bright* v. *Murry,* 35 S. W. 1088; *Phillips* v. *Sanderson,* 2 S. & M. Ch. 462, 39 Cyc. 1836.

Our court in the case of *Carnes* v. *John Hubbard et al.,* 2 S. & M. 110, held that a vendor's lien cannot be enforced against subvendees without notice. See, also, same line *Dunlap* v. *Burnett,* 5 S. & M. 710, 45 A. D. 269; *Phelps* v. *Commodore,* 1 So. 835.

So we say here that the bill and exhibits show beyond any doubt that the vendors of the land accepted the notes of J. W. and T. M. Riddell in full satisfaction and unconditionally as payment for the land and that as against a *bona-fide* holder, such as the bank of Ruleville is shown on the face of the bill to be, the vendor cannot prevail in this suit and the demurrer is good. *Johnson* v. *Union Bank,* 37 Miss. 526; *Clower* v. *Rawlings,* 9 S. & M. 128, 47 A. D. 108; *Spellman* v. *McKeen,* 96 Miss. 693, 51 So. 914, 1039.

The assignment and warranty of the notes by the vendee to the vendor did nothing more than warrant the title. See *Pemberton* v. *Dirk,* 60 L. R. A. 331, 97 A. S. R. 503.

In the assignment of any debt the assignor impliedly warrants that a valid debt exists. *Lile* v. *Hopkins*, 12 S. & M. 299; 51 A. D. 115. See, also, *Lee* v. *McMorries*, 107 Miss. 889, L. R. A. (N. S.) 1918B, 1069, 66 So. 278; *Lowery* v. *Lowery*, 11 Miss. 153.

*H. C. Mounger* and *Monroe McClurg*, for appellee.

Two propositions are respectfully submitted to this court as unanswerably sustaining the chancellor in overruling the demurrer. (1) That, on the face of the deed and the two notes a clear case of the purchase and sale of the land for a definitely and certainly fixed money price is shown. The horse swapping proposition urged by appellant's distinguished counsel is unimaginable. (2) The bill, especially as amended, charges the gravest fraud in the unequivocal statement that appellant Green, the purchaser of the land, knew that the notes and securities were worthless when the purchase and sale was had, and that the vendors Rule did not know that, but acted upon faith of Green's representations. That charge of fraud expressly made, was not denied under oath as required by law in such case, and that failure to deny the direct statement well pleaded, of itself, overruled the demurrer.

There can be no question here that the amount of the purchase money had been fixed, certain and definite to a cent in the face of the deed and the face of the two notes with day of making, due dates and rate of interest; each note for exactly seventeen hundred fifty-seven dollars and forty-two cents, aggregating precisely three thousand five hundred fourteen dollars and eighty-four cents, the estimated purchase money value of the land on such credit time payments. The charge in the bill that complainants did not intend to waive their purchase money lien was in fact unnecessary, yet not improperly stated, it was merely made in fuller statement to add strength to their claim to enforcement of their

existing lien. That disposes of so much of the argument by the learned counsel based upon *Harvey* v. *Kelly,* 41 Miss. 49.

Counsel confidently plants his demurrer on the case of *Patterson* v. *Edwards,* 29 Miss. 67. The distinction between the decisive points in that case and this one is clear. The distinguished judge who handed down that opinion in that case was first careful to clear the way by eliminating the proposition that must decide this one, in that he declared: "The rule which appears to be settled by the authorities is, that in order to create such lien, there must be a debt for unpaid purchase money to a fixed amount due directly to the vendor." That is precisely the principal here; this debt was regularly made directly due to complainant vendors.

There is no collateral covenant here. Cases dealing with collateral covenants, securities and agreements, are not then applicable. The extreme repugnance of a court of equity against one man obtaining the lands of another without paying for it will overrule the demurrer here, because the will disclosed that Green has never paid a cent of the purchase price, nor is there any express waiver of the vendor's lien for the purchase money. It is not so much in expressly retaining the equitable lien as there is in expressly waiving it. And, where it is neither expressly retained, nor expressly waived in the instrument of conveyance where the whole of the purchase is on credit, as here of one and two years equal installments aggregating three thousand five hundred fourteen dollars and eighty-four cents, and the purchaser put into immediate possession, the only rational construction and conclusion of such transaction is that the purchaser is but the holder of the legal title in trust for the vendor until the whole of the purchase money is paid, and this court will hold with the chancellor, that under the circumstances disclosed by the bill, the vendor did not intentionally waive his equitable right to go against the land for payments promised him therefor.

Hence, on cold demurrer that the conveyance neither expressly retains nor waives the lien, the construction and equitable conclusion must be, he has not waived it on the face of the deed. The law calls it an implied, or an equitable lien and recognizes its living existence capable of being enforced. Such lien is given preference under section 2284 and the notes evidencing them are made negotiable and enforceable by an assignee under section 2564, Hemingway's Code.

In *Day* v. *Gibbs,* 117 Miss. 676 (680) our supreme court held that notes for three bales of cotton to be delivered annually for six years for the purchase of the land, were good in the hands of an assignee of those notes to enforce the implied, or equitable lien upon the land not expressly retained in the conveyance.

The doctrine of the vendor's lien was not born in constitutions or statutes. It is the law of the conscience and the heart of man. It is the equivalent of ''Do unto others as you would they should do unto you.'' It means that I am not to get the homestead of you and your wife and children for the benefit of me and mine unless I pay for it. The papers show affirmatively that Green's promise was out to pay for the land, and so plainly written upon the open face of the proper public records. *Baldwin* v. *Anderson,* 103 Miss. 463, 39 Cyc. 1690.

These notes were taken not as security, but as a mode of payment of the price of the land, and the vendor's lien was not intended to be waived thereby.

It may be objected that because notes of third parties were given as a mode of payment, that there was no vendor's lien, and that a vendor's lien can only be raised where there is a money consideration. But this is a mistaken view of the subject. The case conforms to the case of *Griffin* v. *Byrd,* 74 Miss. 32, where it is held that there must be a fixed sum of money due from the vendee to the vendor as purchase money for said land. These notes fix the sum of money. The fact that they were payable in notes cannot be objected to. *Burroughs* v.

*Gilland,* 95 Miss. 127, 134; *Deason* v. *Bentonville Taylor,* 53 Miss. 697; *Harvey* v. *Kelly,* 41 Miss. 490; *Hodges* v. *Roberts,* 74 Texas, 517, 12 S. W. 222, cited in 1 A. L. R. 1638.

On the question of record notice in the deed the court in *Deason* v. *Taylor,* 53 Miss. 701, says: "Did the law give them constructive notice of Taylor's rights? Nothing is better settled than that the purchaser of real estate is bound to take notice of all recitals in the chain of title through which his own title is derived. Not only is he bound by everything stated in the several conveyances constituting that chain, but he is bound fully to investigate and explore everything to which his attention is thereby directed.

In the case of *Bank* v. *Knapp,* 61 Miss. 485, it was held that the vendor's lien existed where there was simply an exchange of land. But the most important question in this case is, did the appellees waive their implied vendor's lien? It will be seen that the bill states that they did not intend to do so. After considerable discussion and divergence of opinion, our court has settled down on the doctrine that waiver in this case as in every case, is a question of intention. It will be remembered that this is before the court on demurrer, and that on demurrer the allegations of the bill are taken as true. *Fonda* v. *Jones,* 42 Miss. 792, at 794-795; *Myers* v. *Estelle,* 48 Miss. 409; 3 Pomeroy's Equity, section 1252; *Tedder* v. *Steele,* 70 Ala. 347; *Chapman* v. *Peebles,* 84 Id. 283; *Marshall* v. *Christmas,* 39 Am. Dec. 199, Note 202; *Conover* v. *Warren,* 41 Id. 196; *Campbell* v. *Goldthwaite,* 68 So. 483; *Fowler* v. *Falkner,* 73 So. 980; *Russell* v. *Stockton,* 74 So. 225; *Ferguson* v. *Shepherd,* 58 Miss. 804; *Kausler* v. *Ford,* 47 Miss. 289; *Canselar* v. *Sallis,* 54 Miss. 446-449, 27 R. C. L. 577; *De Cordova* v. *Hood,* 17 Wall. 1, 21 U. S. (L. Ed.) 587, 35 L. R. A. (N. S.) 91, and note on this subject; *Perry* v. *Williamson,* 56 S. W. 826.

A vendor's lien was held not extinguished by taking the note of a third party, where there was no agreement

to that effect. *Dunlap* v. *Shanklin,* 10 W. Va. 662; *Mansfield* v. *Dameron,* 42 W. Va. 794, 57 Am. St. Rep. 884, 26 S. E. 527, 39 Cyc. 1833; *Davis* v. *Pearson,* 44 Miss. 508; *Dodge* v. *Evans,* 43 Miss. 570.

HOLDEN, J., delivered the opinion of the court.

The appellee Mrs. Lida Rule, and others, filed their bill against R. R. Green and others to enforce an equitable vendor's lien for the purchase money of certain land sold by appellees to appellants. From a decree overruling a demurrer to the bill, this appeal is taken.

The bill charges that complainants conveyed the property to R. R. Green in consideration of two notes, each for the sum of one thousand, seven hundred and fifty-seven dollars and forty-two cents executed by one J. W. Riddell. The vendee warranted the payment of the notes to the vendor. The notes proved to be worthless, and the purchase price of the land remained unpaid.

The bill further charges there was an agreement and understanding between the vendor and vendee that a lien upon the land was retained for the purchase money, notwithstanding the purchase money was represented by the said two notes executed by the outside party, J. W. Riddell; that the subsequent incumbrance to one of the appellants was taken with notice of the fact that the vendor's lien for the purchase money existed and was retained upon the land.

The question presented for our decision is whether or not an implied lien can be, and was, retained under the terms of the deed here involved. The appellant urges the view that the Riddell notes assigned and warranted by the grantee, appellant, was an independent and distinct obligation accepted as a security, or as a payment, for the purchase money, and that therefore there was no implied vendor's lien, or that it was thereby waived.

The opposite contention of appellees is that: First, the notes assigned as a consideration in the deed repre-

sented the purchase money, which was warranted by the grantee, and that it was secured by a lien upon the land until paid, regardless of the fact the notes were executed by an outside party; and, second, that even if it be true the consideration in the deed shows *prima facie* that the security for the purchase money was an independent one and was therefore a waiver of the lien, still it is a question of fact as to whether or not the parties intended to waive the lien by accepting the notes executed by the. third party, and the presumption may be overcome by conclusive proof to the contrary.

After careful consideration of the question presented and an extensive review of the authorities on the point, we think there was an equitable or implied lien upon the land in favor of the vendor, appellee, for the purchase money. The notes assigned by the vendee, appellant, the payment of which was warranted by him, represented the purchase price of the land, and when the notes proved worthless the purchase money remained unpaid, and the vendor's lien, if not waived, still existed to secure its payment. *Pitts* v. *Parker,* 44 Miss. 247. And if the lien was not waived on account of the acceptance of the notes executed by the outside third party, as was done in the case before us, then the lien is valid and enforceable against the land.

Our court has held the acceptance of an independent and separate security by the vendor for the balance of the purchase money is, *prima facie,* a waiver of the vendor's lien. But it is unnecessary for us to decide in this case whether or not the guaranteed notes of the third party transferred here was an independent and outside security for the purchase money, because if it be conceded that the notes assigned to the vendor by the vendee was an independent obligation which would presumptively waive the purchase-money lien, still the law is that the intent of the parties as to whether the lien was waived may be shown by parol testimony; and since the bill charges it was agreed between the seller and purchaser that

the lien was retained for the purchase price, and the demurrer admits the charge, it would be a question of fact to be determined by the lower court as to whether or not there was a retention of the lien for the purchase money. *Fonda* v. *Jones,* 42 Miss. 792, 2 Am. Rep. 669; 3 Pomeroy, Equity, section 1252.

Therefore the decree of the chancellor overruling the demurrer to the bill was correct, and is affirmed, the cause remanded, and the appellant allowed thirty days in which to plead further after mandate reaches lower court.

*Affirmed and remanded.*