P. MONEY v. D. P. RICKETTS ET AL.

1. ESTOPPEL. *Declaration as to title by owner of land. Case in judgment.*
   C. sold and conveyed a tract of land to S., but reserved an express lien for the unpaid part of the purchase-money. S. procured R. to buy the land, and stated to him that the legal title was in C., whom he got to make a conveyance of the land to R. *Held*, that by his conduct S. is estopped to set up his title against that acquired by R.

2. SAME. *As to statute of frauds. Owner of legal title. Purchaser.*
   And though there be no written memorandum of such transaction as between S. and R., the former cannot invoke the statute of frauds to defeat the latter's title; nor can a purchaser of the land under a judgment against S., having notice of R.'s claim, do so.

3. POSSESSION OF LAND. *Notice of claim.*
   Possession of land, with claim of title, is notice to the world of the possessor's claim.

4. PROMISSORY NOTE. *Indorsed after maturity. Pre-existing equities.*
   Where the payee of a promissory note indorses it after its maturity, the indorsee takes it subject to all defenses which might have been made against it in the hands of the payee.

APPEAL from the Chancery Court of Carroll County.
HON. R. W. WILLIAMSON, Chancellor.

In March, 1874, Charles Kent and his wife, Adelia Kent, sold a certain tract of land to S. J. Kent. A part of the purchase-money was paid in cash, and for the balance they took S. J. Kent's promissory note for six hundred and twenty-five dollars, payable on the 1st of January, 1875, to Adelia Kent or bearer. Charles Kent and wife conveyed the land to S. J. Kent, but expressly reserved in the deed the vendor's lien to secure payment of the

vendee's note.   In 1878 S. J. Kent and Charles Kent being each separately indebted to D. P. Ricketts, it was verbally arranged between S. J. Kent and Ricketts, Charles Kent and wife co-operating, that Ricketts should buy the land above mentioned, and that Charles Kent and wife should convey the title thereof to Ricketts, all the parties believing that the legal title to the land was still in Charles Kent and his wife.   Accordingly, on the 23d of December, 1878, Charles Kent and wife deeded the land to Ricketts, who immediately took possession of the same.   This deed was filed for record on the 30th of March, 1880.   It was an absolute conveyance, though it recited no consideration.

In 1879 Charles Kent became indebted to P. Money in the sum of six hundred and forty-five dollars, and to secure the payment thereof he and his wife, on the 2d of January, 1880, indorsed the six hundred and twenty-five dollar note of S. J. Kent to Money as collateral security.   On the 14th of January, 1880, S. J. Kent confessed judgment on his six hundred and twenty-five dollar note; and at the next ensuing term of the circuit court, in April, 1880, a judgment was accordingly entered.   An execution, issued upon this judgment was levied on the land heretofore referred to, and on the 6th of September, 1880, the land was sold by the sheriff under this execution and was bought by Money for the sum of one hundred and sixty dollars.   In pursuance of the sale the sheriff deeded the land to Money.

On the 25th of February, 1881, Money filed the bill in this cause against Ricketts and the Kents for the purpose of clearing up his title to the land bought as above stated.   Ricketts answered the bill and made his answer a cross-bill, claiming the land and seeking to have the clouds removed from his title thereto.   A mass of evidence was adduced on each side.   Ricketts contended that in his purchase of the land from the Kents the six hundred and twenty-five dollar note was liquidated and the lien therefor extinguished, and that Charles Kent was only allowed to retain the note in order that he might have a settlement with S. J. Kent; and he further contended that Money had actual notice of his claim to the land before the institution of his action on that note.   Money, on the

contrary, claimed that this note had never been paid, and that he had no notice of Ricketts' claim to the land till the day of the sale under his (Money's) judgment. A supplemental statement of the points of contention and facts of the case will be found in the opinion of the court.

The court below rendered a decree dismissing Money's bill and granting the relief prayed for in Ricketts' cross-bill; whereupon Money appealed to this court.

*Sweatman, Trotter & Trotter*, for the appellant.

1. The note for six hundred and twenty-five dollars was not paid off before it was negotiated to Money.

2. The express vendor's lien reserved in the deed to secure payment of the note was not extinguished by reason of the transactions between Ricketts and the Kents.

3. If the note was not paid, yet the vendor's lien was extinguished by reason of said transactions, then the title acquired by Money by the judgment and sale thereon is superior to any claim by Ricketts, by reason of the fact that no deed passed from S. J. Kent (the holder of the legal title) to Ricketts, and no memorandum of any sale was signed by him, and Ricketts' claim is therefore void under the statute of frauds. *Harrell* v. *Miller*, 6 Geo. 700; *Hairston* v. *Jaudon*, 42 Miss. 380; *Catlett* v. *Bacon*, 4 Geo. 269; *Box* v. *Sanford*, 13 S. & M. 93; *Fisher* v. *Kuhn*, 54 Miss. 480.

4. Money is an innocent purchaser without notice, and therefore protected against any equity which Ricketts may have, even though he could not claim that he acquired the equities of the vendor's lien at the execution sale.

Money was the purchaser of the legal title, and even if the equities were equal the legal title must prevail.   56 Miss. 393.

And the fact that Ricketts got a deed from Charles Kent and wife and recorded it does not avail him.   For the purchaser of the legal title is not bound to take notice of a registered lien or incumbrance or conveyance by a party other than those through whom he is compelled to deraign title, nor of lien incumbrances or conveyances made by them after they have parted with the title.   50 Miss. 162–3; 5 Geo. 472.

A party who does not get an apparent good legal title cannot set up the protection of a *bonâ fide* purchaser. So Ricketts cannot claim to be such. George's Digest 734, § 48 ; 56 Miss. 392–3.

· *Helm & Somerville,* for the appellees.

In answer to the first proposition of counsel, viz.: that the six hundred and twenty-five dollar note was not paid before it came into the hands of the appellant, Money, we contend that the proof clearly shows that it had been fully paid before it had been transferred to him.

We contend that the appellant is not a *bonâ fide* purchaser, because he had notice, both actual and constructive, of Ricketts' title to the property before he acquired any title to the land, and was put upon his notice before he obtained possession of the note upon which the judgment was obtained.

S. J. Kent testifies that he told the appellant of Ricketts' title to the land. This was done before he instituted suit upon the note and before he had done any act upon the faith of the transfer which could not be retracted. And it is also shown by the evidence that Ricketts has been in actual possession of the land continuously since the date of his purchase, and this in itself was sufficient notice to him. *Buck* v. *Paine,* 50 Miss. 648.

We contend, further, that the appellant cannot claim to be a *bonâ fide* purchaser for the reason that the note was past due when he took it. 1 Daniel on Negotiable Instruments, § 824 ; Story on Promissory Notes, § 195.

The statute of frauds does not apply in this case, because (1) the proof shows that C. H. Kent and his wife, Adelia Kent, joined in the sale of the land, and if the title to it was in them afterward when they executed a deed to Ricketts his equity dated back to the date of sale.

Secondly, because Money cannot in this case set up this defense, for the reason that the plea of the statute of frauds is a personal privilege, and can be plead in this case only by C. H. Kent and wife. We contend, however, that this case does not come within the statute of frauds.

Thirdly, because Ricketts' deed to the land from C. H. Kent and wife was recorded before Money acquired any title.

COOPER, J., delivered the opinion of the court.

S. J. Kent, by his declaration to Ricketts that the title to the land in controversy was in Charles Kent and wife, and by procuring Ricketts to buy and accept their title, was estopped from setting up his own title as against that thus acquired. The statute of frauds has no application, for the conveyance from Charles Kent and wife was by proper deed, and though they had no title, S. J. Kent was precluded from asserting that fact. *Dickson et al.* v. *Green,* 24 Miss. 612 ; *Nixon's Heirs* v. *Carco's Heirs,* 28 Miss. 414 ; *Vicksburg, etc., R. R. Co.* v. *Ragsdale,* 54 Miss. 200 ; *Staton* v. *Bryant,* 55 Miss. 262.

The complainant, Money, acquired no title which can be asserted against Ricketts by his purchase under the judgment against S. J. Kent, for before the rendition of the judgment Ricketts was in possession of the land, and this was notice to the world of his claim. It is also shown, though by disputed testimony, that Money had actual notice of the title by which Ricketts claimed, and it is clear that the deed from Kent and wife to him was then recorded.

Conceding that the note given by S. J. Kent to Charles Kent and wife remains unpaid, it is abundantly shown that in the transaction by which Ricketts acquired title to the land for which it was given, the mortgage retained for its security was waived by the payees of the note, and inasmuch as Money took the note after its maturity, he holds it subject to all defenses which might have been made to it in the hands of the payees.

*The decree is affirmed.*