WILLIAM J. GENTRY *v.* EDWARD D. GAMBLIN.*

1. EQUITY. *Clouds on title. Bills to remove. Code 1892, ¿ 500.*

Under code 1892, ¿ 500, providing for suits to remove clouds upon title to real estate, a bill in equity therefor will lie if the complainant have either a perfect legal or perfect equitable title to the lands involved.

2. SAME. *Estoppel.*

Where the owner of land mortgages it and allows it to be sold under the mortgage and purchased by the mortgagor, and being in possession of the land, procures a deed to be made by the purchaser to a third person who advanced the purchase money therefor, the mortgagor receiving the deed from the purchaser to the grantee therein, and delivering it to the latter, under a verbal understanding with such grantee that he might remain on the land and repurchase it from him by paying the purchase money, with interest, he is estopped to deny the title of the grantee or one holding under him.

*This case was decided at the October term, 1900, but was not reported earlier because the record was mislaid.

3. SAME. *Statutes of limitation.* *Code* 1892, §§ 2737, 2739, 2730, 2734.

   Is such case the original owner and mortgagor cannot defend a bill
   filed against him to cancel his claim as a cloud upon the title or in
   the alternative, to enforce the payment of the purchase money on
   either the three or the six years' statute of limitations (code 1892,
   §§ 2739, 2737) as a bar to his contract to repay the purchase money;
   he will not be permitted to hold the land and not pay for it, and
   no statute of limitation will avail him save the ten-year statutes
   (code 1892, §§ 2730, 2734), predicated of open, notorious and adverse
   possession in repudiation of complainant's claim for that length
   of time.

4. SAME. *Bill.* *Prayer.* *Alternative relief.*

   Where land belonging to a defendant was sold under a mortgage,
   and purchased by the mortgagee, and the purchaser, at the request
   of the defendant, conveyed it to a third party, who at defendant's
   solicitation advanced the amount of the mortgage debt, under a
   verbal-agreement that the land should be reconveyed to defend-
   ant if he paid the debt by a certain time, upon failure of defend-
   ant to pay, a bill by a grantee of said third party, which contains
   an alternative prayer for cancellation of defendant's claims to the
   land or the enforcement of a lien for the sum which defendant
   had promised to pay for a reconveyance to him, is equitable.

FROM the chancery court of Neshoba county.

HON. JOHN DAVIS, Special Chancellor.

Gentry, the appellant, was complainant and Gamblin, the
appellee, was defendant in the court below. The facts are
sufficiently stated in the opinion of the court.

*Brame & Brame*, for appellant.

Section 500 of the code of 1892 specifically confers on chan-
cery courts jurisdiction to remove clouds upon titles. The bill
alleges that appellee asserts a claim or pretends to have a right
or title to the land mentioned in the bill. The prayer of the
bill is that this cloud upon the title of complainant be removed,
and it is within the province of the chancery court alone to thus
divest the pretended title of defendant and invest it in com-
plainant. Then the alternative prayer is, that, complainant

having acquired a lien or charge on the land for the money, he be subrogated to the rights acquired by Lee & Bro.

Under § 500, code 1892, on a bill to remove clouds, where the complainant shows a perfect title, legal or equitable, the court will not refuse to cancel the adversary title on the ground that it is in the form of a legal one, or because of its apparent strength or weakness, or because the complainant has a remedy at law. *Bank* v. *West*, 67 Miss., 729. And in *Paxton* v. *Valley Land Co.*, 67 Miss., 96, it was held that the chancery court had jurisdiction of a bill by the real owner of land to cancel a void claim of title by another, though the defendant is in possession. And, under § 502 of the code, the chancery court may even decree possession. The defendant can only object to multifariousness by special demurrer (*Darcey* v. *Lake*, 46 Miss., 109), and he did not make this a special ground of demurrer. The reasons assigned for the multifariousness are not well taken, because the alternative prayer of relief is not inconsistent with the allegations of the bill and the general relief asked. Prayer for alternative relief does not make a bill multifarious.

Manifestly the defendant is estopped to plead the statute of limitations. It was by his procurement and request that Lee & Bro. paid the money to Quarles & Co. and took the deed as security. To permit him now, as against complainant, to avail of the lapse of time, would be to sanction a fraud. He might plead the statute as against Quarles & Co., if they were complainants, but he induced Lee & Bro. to advance the money for him, under an agreement that they were to hold the title as security, and he was to occupy and cultivate the land under them. He cannot be heard to say that the original claim is barred.

If there was any defect in the deed from Quarles & Co. to Lee & Bro., that fact would be immaterial. We mean the deed executed to Lee & Bro. by the agent and attorney, Byrd. If it be true that Byrd did not have express authority to exe-

cute a deed conveying the land, certainly the deed made by him would operate to convey an equitable interest, and this will be enforced by the chancery court.

But this land was real assets in the firm, and is to be treated as personal property. Therefore, if we concede that Byrd had no technical authority to convey the land, certainly B. F. Quarles, as surviving partner, had the power to transfer it, and this was done in a deed executed by him to Lee & Bro.

Under the allegation in the bill, it seems that Quarles & Co. agreed and treated the purchase merely as a mortgage, and they accepted from Lee & Bro. the amount of the original debt due them by Gamblin. He induced Lee & Bro. to advance the money for him to take up this claim. Certainly, so far as concerns the right to enforce the lien or charges on the land, the defendant is estopped to set up the technical defenses now relied upon.

The defendant, Gamblin, has managed shrewdly to hold possession of the land without paying anything and without complying with any of his agreements. He is now in a court of equity, and must either give up or pay up. On the point that he is estopped to plead the statute of limitations, and at the same time hold the land, we refer the court to *Barnett* v. *Nichols*, 56 Miss., 622; *Kelly* v. *Wagner*, 61 Miss., 299; also *Money* v. *Ricketts*, 62 Miss., 209. A mere change in the form of the debt will not discharge an incumbrance unless the parties clearly so intended. Equity will keep alive or consider it as extinguished, as will best serve the purposes of justice and the actual, just intention of the parties. *Howell* v. *Bush*, 54 Miss., 437.

*R. F. Barrier* and *Luckett & Sullivan*, for appellee.

[The briefs of counsel for appellee have been lost and cannot be found by the reporter.]

Argued orally by *L. Brame, Jr.*, for appellant.

CALHOON, J., delivered the opinion of the court.

Gentry's bill in chancery shows that on June 7, 1885, Gamblin secured a debt he owed B. F. Quarles & Co. by trust deed conveying to J. A. Jones, trustee, the land involved in this suit. The debt not being paid at maturity, the land was sold and conveyed by a substituted trustee to B. F. Quarles & Co., the beneficiaries. Seeing that he had lost his land, Gamblin applied to them to sell it back to him, and they verbally agreed to reconvey if he would pay his debt. Failing to get the money from others to whom he applied, he finally prevailed on R. L. Lee & Bro., a firm, to pay it if he would cause B. F. Quarles & Co. to convey to them, which he did, upon the oral agreement that he (Gamblin) should occupy the land and pay them the amount out of the crop, upon which payment Lee & Bro. were to reconvey to him, and if he failed to pay out of the first crop, he would surrender the land to them. This conveyance from Quarles & Co. to Lee & Bro. was procured altogether by Gamblin. Lee & Bro., acting altogether through sympathy, took no other part in this negotiation than to receive the instrument from him and pay Gamblin's debt. The bill charges that this conveyance is dated the — day of February, 1898, but the transcript of it in the record as an exhibit shows the date to be February 11, 1888. The bill proceeds to charge that Gamblin paid nothing out of the crop of 1888, and got another year from Lee & Bro. on a plea of poverty, and this process was continued annually until they conveyed to Gentry, the appellant, and complainant in the bill, by a conveyance, exhibited with the bill, without date, but acknowledged January 23, 1892. Gentry demanded possession, but Gamblin declined to give it up or pay the debt, claiming to be the owner because of some defect in the title from Quarles & Co. The prayer is to cancel any claim of Gamblin, as a cloud on complainant's title, and for writ of possession, or for subrogation to the rights of Lee & Bro. to the amount they paid Quarles & Co., and general relief. This bill was filed May 9, 1898, and was de-

murred to by Gamblin on divers grounds, and his demurrer was improperly sustained.  By code, § 500, such a bill lies where complainant has a perfect title, either legal or equitable. Here is shown certainly a perfect equitable title as against Gamblin.  He is estopped to deny that title passed by an instrument he obtained from Quarles & Co. to Lee & Bro., and used as good to cause them to expend money for him.  This would be to ask a court of conscience to sanctify an unconscionable fraud.  The analysis of the whole understanding between him and Lee & Bro. is that they should take the title he furnished, and he might repurchase from them for the sum they paid for the land to Quarles & Co.  It is monstrous if he may defeat them on the ground that he furnished them a defective title, by which he induced them to part with their money. There is no reason and no authority produced to sustain such a view.  If he paid, would he be heard to demand a warranty title?  Clearly not.  *Money* v. *Ricketts*, 62 Miss., 209.  Under the same circumstances he is equally estopped from setting up the statute of limitations of six years or three years.  The land was their property, subject only to his right, by agreement, to repurchase it for a sum agreed on, and he held under them; and nothing under the statute of limitations can save him, short of ten years' open and notorious adverse possession in repudiation of their claim.

The prayer for relief in the alternative—that, if the court should hold the apparent conveyance in fee a mortgage to secure a debt, it should then decree a lien to secure the money— is entirely proper.  Gamblin cannot in this case both hold the land and avoid the debt.  We simply hold that he cannot both keep the land and avoid the debt.  He must either yield possession or pay, if the facts maintain the bill.

*There is nothing multifarious in the bill, and the decree sustaining the demurrer is reversed, the demurrer sustained, and appellee required to answer within sixty days.*