HANNAH HAFTER ET AL. *v.* ELIZA STRANGE.

1. ADVERSE POSSESSION.    *As against recorded conveyance.    Innocent purchaser.*

    Actual occupation of land with claim of title by the grantor in a deed conveying the same is not, after the recording of the deed, notice to an innocent purchaser for value from the grantee in such deed, of an adverse claim of title by such grantor, the deed itself being a paramount assertion to the contrary.

2. SAME.    *Against fraudulent grantee.    Notice to grantor.    Failure to act.    Effect as to purchaser.    Case in judgment*

    P. obtained a deed to certain land from S. by fraud, and had the same duly recorded.    S. continued in possession with claim of title.    One W., to whom P. made efforts to sell the land, informed S. that P. had her conveyance to the land.    Afterwards P. conveyed the land to one H., an innocent purchaser for value, whereupon S. sought to have cancelled her conveyance to P. and his to H.    *Held*, that after the notice from W., it was incumbent on S. to take steps against the fraudulent grantee, P., whom she knew was attempting to find a purchaser.    Having failed to act when action would have availed, she cannot now complain, as against H.

APPEAL from the Chancery Court of Lauderdale County.

HON. SYLVANUS EVANS, Chancellor.

The case is stated in the opinion of the Court.

*Woods, McIntosh & Williams,* for the appellants.

This court, in *Taylor* v. *Mosely,* 57 Miss., 544, say : " that open, notorious and exclusive possession of real estate, *under an apparent claim of ownership,* is notice to those who subsequently deal with the title of whatever the one in possession has in the fee, whether such interest be legal or equitable ; that there are some exceptions to it, but this case does not fall within the exceptions. A possessor of land *may be estopped under some circumstances* from claiming that his possession is notice of his claim to the land," etc.

We submit that the exception, at least one of the exceptions alluded to, was as in this case, viz. : " Where an instrument by which the title to real estate is affected is properly recorded, the record thereof is constructive notice to subsequent purchasers or encumbrancers under the same grantee." See Wade on the Law of Notice, sec. 97, and note 2 and authorities there cited ; also note 3, 7 Watts (Pa.) 385 ; *Scott* v. *Gallagher et al.,* 14 Sergt. & R., 334.

In *Bloomer* v. *Henderson,* 8 Mich. (4 Cooly), page 405, the court says : " But the object of the law in holding such possession constructive notice where it has been so held, is to protect the possessor from the acts of *others who do not derive title from him, not to protect him against his own deed.* If a party executes and delivers to another a solemn deed of conveyance to land itself, and suffers that deed to go on record, he says to all the world : ' Whatever right I have or may have claimed in this land I have conveyed to my grantee; and though I am yet in possession, it is for a temporary purpose, without claim of right, and merely as a tenant at sufferance to my grantee.' This is the natural inference to be drawn from the recorded deed ; and in the minds of all men would be calculated to dispense with the necessity of further inquiry upon this point: all presumption of right is *rebutted* by his own act and deed. One of the main objects of the registry law would be defeated by any other rule," and cites in support : *Scott* v. *Gallagher,* 14 S. & R. 333 ; *New-*

*hall* v. *Pierce*, 5 Pick., 450 ; *New York Life Ins. Co.* v. *Cutler*, 3 Sanford Ch. 176 ; Leading Cases in Equity, vol. ii., 118, and further says : "The cases cited by complainant's counsel, I think, may all be reconciled with this view of the law." We, too, think that all the authorities cited by counsel for appellee may be reconciled with the view of the law above stated.

Pomeroy's Equity Jurisprudence, Vol. 11, Sec. 616 and 617. See also on this point, 15 Mich., 497 ; 63 Cal., 550 ; Wade on Notice, Sec. 97–8, cases cited, and Sec. 298, 226, 118 and cases cited.

*M. H. Whitaker*, for the appellee.

The Hafter's were not innocent purchasers. Eliza Strange, the complainant below, was in "open, notorious and exclusive possession" of the land bought by the Hafter's from Peter Shearer, which was sufficient to put them on inquiry—indeed it was notice of whatever interest she had in the property.

*Taylor* vs. *Mosely*, 57 Miss., 544 *et seq.* ; Wade on Notice, Sec. 273 ; 1 S. & M., 443 ; 6 S. & M. 345 ; 7 S. & M., 456 ; 37 Miss., 546 ; 45 Miss., 694 ; 51 Miss., 146 ; 52 Miss., 546.

*W. H. Ethridge*, on the same side.

The evidence shows a state of facts sufficient to indicate to a person who was about to purchase property in good faith that Shearer had fraudulently obtained the deed to this block of land :—it was sufficient to put him on an inquiry which would lead defendants to a true knowledge of the fraudulent manner in which Shearer procured the deed, therefore, it was notice of the fraud to defendants, Hafters.

*Parker* vs. *Foy*, 43 Miss., 260.

COOPER, C. J., delivered the opinion of the Court.

The appellee was the owner of block 4 in the town of Meridian, and sold and conveyed two small lots thereof to other persons who caused their deeds to be recorded, and entered into possession of the lots. After this she conveyed to her grandson, Peter Shearer, all of block 4, reciting the consideration of the conveyance to be "natural love and affection and the sum of one dollar." Shearer at once recorded his deed and three days after its execution sold to the appellants a large part of the block,

including a part of one of the lots previously conveyed by the appellee to other parties.

After the conveyances had been executed by Shearer to appellants and after they had paid the purchase price, the appellee exhibited the bill in this cause against Shearer and appellants to vacate and annul the conveyance made by her to him, and those made by him to appellants. The bill charges that the complainant is very old, feeble, and weak of mind; that Shearer is her grandson, who had lived with her and in whom she reposed confidence; that he represented to her that he would soon be married and desired to build him a house on a part of the land ; that appellee, moved by affection for him, agreed to give him a small lot upon which to build, and Shearer undertook to have a proper deed prepared for execution ; that he falsely and fraudulently caused a deed to be prepared conveying the whole block; that appellee being unable to read or write did not discover the fraud, but executed the deed supposing it to convey only the small parcel of land she intended to give to Shearer ; that she has from the date of the execution of the deed remained in the actual, adverse, notorious, and exclusive possession of all the block except that previously conveyed by her to other parties, claiming the same as her own ; that appellants were chargeable with notice of her rights in the premises by reason of her occupancy, and that the exercise of reasonable diligence on their part would have led to a discovery of the fraud which had been perpetrated on her by Shearer ; that appellants did not pay the fair market price for the land bought by them; the fact that Shearer was willing to sell at the price obtained should have admonished them of some defect in his title or right to the property. Shearer made no defence and the bill was taken as confessed as against him. The appellants answered denying all knowledge of the facts attending the conveyance to Shearer; they averred that they examined the records, and finding a properly executed deed to him from appellee relied upon the same as evidence of his title; that they paid a reasonable value for the property without any suspicion of the fairness of the conveyance under which he held. They deny actual knowledge of the fact of complainant's occupancy and deny any information of any fact

imposing upon them any duty to make any inquiry other than that of the existence of Shearer's recorded title.

On final hearing the court made a decree in accordance with the prayer of the bill and cancelled the deed from complainant to Shearer and from him to appellants. From this decree the purchasers from Shearer alone appeal.

Without a review of the evidence in detail, we think it sufficient to say that the price paid by appellants was not so grossly inadequate to the value of the property as to warrant the presumption of bad faith on the part of the purchasers, nor to suggest to them a defect in the title of their vendor. The witnesses vary greatly in the estimate put by them on the property. Some of them say that it was worth several times the purchase price; but, on the other hand, other witnesses, with equal information on the subject, affirm that the price paid was the full value of the land, and some of them are of opinion that the price was in excess of its value. Since the purchase was made, land in that vicinity has rapidly increased in value. But at the time of the purchase the block in controversy was remote from the town, and not approached by any streets that were kept in repair by the town authorities. From an examination of these facts, and from argument of counsel, we assume that the point of decision in the lower court was that complainant's possession was notice of her claim to all persons who should buy it, and that appellant's title was in subordination to whatever right the occupier might assert against Shearer, who held the legal title.

While the general rule that possession of land by one claiming some interest therein is notice to the world of the character and extent of that claim, has been frequently recognized by the decisions of this court, it has never been held that such possession is notice of claim as against the recorded conveyance by the occupant. Certainly a solemn deed is the equivalent of an assertion by the party grantor that the title is in the grantee; its purpose is to convey and show title, and he who thereby invests another with this universally recognized evidence of right ought not, as against one who deals with that other upon the faith of such evidence to be permitted to aver to the contrary to

his injury.   That the complainant was deceived and defrauded by her grandson may be sufficient to entitle her to relief as against him and those holding under him as volunteers or with notice of fraud; but this is because her equity is superior to the right asserted against it.   But the principle upon which relief is granted in such case, finds no place in a controversy with others whose right is as equitable as hers, and who have acquired those rights upon the faith of her deed.   The decisions are in conflict upon the question involved; in support of the conclusion we have reached are, *Bloomer* v. *Henderson*, 8 Mich., 395; *Woods* v. *Farmere*, 7 Watts, 382; *Scott* v. *Gallagher*, 14 S. & R., 333; *Dawson* v. *Danbury Bk.*, 15 Mich., 489; *Newhall* v. *Pierce*, 5 Pick., 450; *Rice* v. *Rice*, 2 Drew, 73; *White* v. *Wakefield*, 7 Sim., 401; *Muir* v. *Jolly*, 26 Beav., 143; *Cook* v. *Travis*, 20 N. Y., 400; *VanKeuren* v. *R. R. Co.*, 38 N. J. Law, 165.   On the other side are *Eylar* v. *Eylar*, 60 Texas, 315; *Pell* v. *McElroy*, 36 Cal., 268; *R. R. Co.* v. *McCullough*, 59 Illinois, 166; *Wright* v. *Bates*, 13 Vt., 341; *Webster* v. *Maddox*, 6 Mo., 256; *Hopkins* v. *Garrett*, 7 B. Mon., 312.

If there could be any doubt (as we think there cannot be) of the applicability of the doctrine of estoppel because of the recorded deed alone, there are other facts disclosed by the testimony of complainant herself that would imperatively demand its enforcement against her.   It appears that Shearer had offered the land for sale to one Wilson, who went on the place to examine it and asked complainant if she had conveyed it to Shearer. She denied that she had done so and was at once informed that Shearer had a conveyance from her by which the whole block was conveyed.   With this notice it was incumbent upon her to take steps against the fraudulent grantee who, she knew, was attempting to find a purchaser for the property, in order that an innocent purchaser might not be drawn into his toils.   Having failed to act when action would have availed, she cannot now complain, nor shift the loss that has ensued upon others.   The decree must be reversed, in so far as it directs cancellation of the deed from complainant to Shearer to the extent that appellants' lands are thereby conveyed, and in so far as it cancels the deeds made by Shearer to them.