BANK OF GULFPORT ET AL. *v.* DOUGLAS L. O'NEAL, USE, ETC.

1. EXECUTIONS.  *Exemptions.   Construction.*

Laws granting exemptions from levy and sale under execution are construed liberally in favor of the exemptionist.

2. SAME.   *Code* 1892, ¿ 1966.   *Claim of exemptions.*

Under Code 1892, §. 1966, requiring an officer about to levy an execution on personal property, some of which is claimed as exempt, to demand of defendant that he make selection of such property as he claims to be exempt, and providing that on failure of defendant so to do the officer shall make it for him, where, though defendant claimed the property to be exempt, the officer made no request that he make selection, and no notice was given him to make it, defendant did not, by failing to select the property, forfeit his right to the exemption.

3. SAME.   *Claiming property as wife's:*

A defendant whose personal property is levied upon under execution does not waive his right to claim his exemptions by asserting that the property belongs to his wife.

4. SAME.   *Code* 1892, ¿ 1971.   *Selection.   When unnecessary.*

Under the express terms of Code 1892, § 1971, allowing as exempt any species of personal property not to exceed in value $250, "or the articles specified as exempt to the head of a family," where the aggregate value of all the personal property seized was less than the amount of exemption, a selection of the particular articles claimed as exempt was unnecessary.

5. SAME.   *Code* 1892, ¿¿ 1967, 3482, 946.   *Bonds of indemnity.   Wrong conditions.   Curative section.*

Where an officer has levied an execution on property which is claimed as exempt and the officer demands an indemnifying bond of the plaintiff, under Code 1892, § 1967, but by mistake accepts from the plaintiff a bond under Code 1892, § 3482, the conditions of the two statutory bonds being different, and proceeds and sells the property, the bond actually taken will be treated in any suit thereon as if properly conditioned, under Code 1892, § 946, providing that a bond in any legal proceeding, if it had the effect which a bond conditioned as prescribed by

law would have had, shall be treated as if properly conditioned, no matter how it may be conditioned.

From the circuit court of Harrison county.

Hon. W. T. McDonald, Judge.

O'Neal, a constable, who sued for the use of A. C. Hammack, was plaintiff in the court below; the Bank of Gulfport and others were defendants there. From a judgment in plaintiff's favor, the defendant appealed to the supreme court. The bond sued upon was payable to O'Neal, constable, wherefore the suit was brought in his name for the use of Hammack, the real plaintiff.

*T. M. Evans,* and *Henry King,* for appellants.

This is a stock of merchandise levied on under an execution. The statute provides, Code 1892, § 1966, "Where an officer shall be about to levy an execution or attachment on personal property . . . the defendant shall then and there make his selection," and the declaration and proof show conclusively that no selection was made until the morning of the day of sale.

Code 1892, § 1966, provides that where an officer shall be about to levy an execution or attachment on personal property, some of which shall be claimed as exempt, he shall demand of the defendant that he shall make selection of such property as is exempt to him, and in reference to which he has a right of selection, and the defendant shall then and there make his selection; or, failing to do so, the officer shall make it for him, and any selection so made shall be conclusive on the defendant.

Code 1892, § 1966, provides when this selection shall be made—then and there—to wit: "When an officer is about to levy an execution or attachment, the defendant shall then and there make his selection."

"Since the right of exemption, however, is entirely a matter of statutory enactment, the officer should comply strictly with the statutory terms, and in setting aside the exemption should follow the provisions laid down by the terms of the statute. If

the defendant, after notice, neglects or refuses to make a selection of the property allowed him by statute, the officer may proceed to levy on any of his property not specifically exempt, and to sell the same regardless of any subsequent claim." 10 Ency. Pl. & Pr., 93, 94.

"The right of exemption is a privilege which must be claimed, and the duty of claiming the same, as a general rule, devolves upon the judgment debtor." Also, from the same authority, pp. 95, 96: "The privilege of a debtor is not a privilege from having his property sold, but the right to obtain exemption in a designated manner, and he who would secure the same must comply with the statutory provisions. The claim of exemption may be made by parol or in writing. In all cases, however, the claim must be made in such a manner as will sufficiently apprise the officer that the statutory exemption is the thing demanded." *Ib.,* 94.

And then, in regard to the time of claiming, we quote from the same authority (vol. 10, p. 96): "The right to retain property as exempt is not complete until it is asserted, and the usual time for demanding exemption is at the time of the levy, unless absence or other good cause be shown to excuse the delay."

Besides, this suit was brought on the bond provided for under Code 1892, §§ 3482, 3483, the penalty of which is the actual damage sustained, and the use of a third party being the claimant; while the judgment sought to be obtained on this bond is not for the use of a third person who claimed the property, as the bond was given for, but the declaration is for the statutory penalty provided in Code 1892, §§ 1967, 1968, 1969, which is not for the actual damage sustained, but is for double damages, and for the use of the defendant in execution. We insist that no one but a third party claiming the property can sue on this bond.

It seems to us that this question might well be disposed of in favor of the appellant on any of the following propositions

which go to the merits of the case, rather than to the pleadings, and will, therefore, discuss these propositions first:

First—The bond sued on is an express contract between appellants, Bank of Gulfport *et al.,* and any third party who may claim the property levied upon, for compensatory or remunerative damages, the measure of which should be the actual damages sustained, which is authorized under Code 1892, §§ 3482, 3843. It is a perfect bond and contract within itself, and does not need to be cured by Code 1892, § 946.

Second—Code 1892, § 1967, provides that if any sheriff or any other officer shall levy or be about to levy an execution or attachment on any personal property claimed as exempt, and a doubt shall arise as to the liability of the property to be sold, he may demand of the plaintiff a bond, with sufficient sureties payable to said officer, in a sufficient penalty conditioned to indemnify and save harmless the officer against damage which he may sustain in consequence of the seizure and sale of the property, and pay to the defendant all damage which he may sustain in consequence of the seizure and sale.

Now we call the court's attention to the two striking differences between this bond and the bond provided under Code 1892, § 3482. Code 1892, § 3482, says, "Will pay to and satisfy any person claiming title to the property." Bond given under Code 1892, § 3482, is therefore given to protect third persons, and cannot become a basis of an action by the defendant in execution; while Code 1892, § 1967, is specifically to pay the defendant all damages; while Code 1892, § 1968, provides that the penalty recovered on the bond provided for in Code 1892, § 1967, shall be double the damages sustained.

*G. W. Ellis,* for appellee.

Our contention is that the bond is good under Code 1892, § 946, whether it be given according to the form prescribed by § 3482 or under §§ 1967 and 1968 of the said code. This bond, having been given in a legal proceeding, and having had the

effect in such proceeding which a bond or other undertaking, payable and conditioned as prescribed by law, would have had, it inures to the benefit of the appellee, and fixes liability on the appellants, in the same manner and to the same extent as though it had been payable and conditioned as prescribed by Code 1892, §§ 1967, 1968. The form of bond is immaterial, where the intention of the obligors who gave it and of the officer who accepted it was to indemnify the officer against all damages which he might sustain by selling the property which appellee claimed was exempt.

We submit that any fair or reasonable construction of the exemption statutes does not limit the exemptionist to the time of making the levy, but allows him to make his claim at any time before sale. If real estate can be impressed with the homestead exemption after levy but before sale, why cannot personal property be likewise? The provisions for claiming exemptions in personal property in cities, towns, and villages, is found in the same section with the city homestead exemption—viz.: Code 1892, § 1971. Now, according to the reasoning of counsel for appellant, the law gives the householder in a city, town, or village the right to claim his exemption in the house and lot by making his claim thereto just before the sale; but if the same householder has personal property situated on or in the same premises within the statutory limit, in order to claim his exemption to the personal property he must make his selection and claim his exemption at the time of the levy, and not afterwards. Section 1966 clearly deals with selections of personal property from a mass. Selection implies segregation from a mass or a number of articles of specific property as enumerated in sec. 1963. There need be no selection where the entire personal property owned by the debtor is less in value than $250.00.

In vol. 10, Ency. Pl. & Pr., p. 99, it is stated in the text and in the notes that the debtor need not select his exempt property if the whole amount of his property does not exceed the statutory limit.

Again, on page 101, we quote from the text: "The selection should, as a general rule, be made at the time of the levy, but it is sufficient if it is made within a reasonable time before sale."

Even if it be conceded (which we do not) that appellants and the officer were misled at first by the statement of appellee, at the time or just immediately after the levy, that the stock of goods belonged to his (appellee's) wife, Mrs. Hammack, yet the testimony is undisputed that they were set right, undeceived, and correctly informed as to the title and claim of appellee in and to the said stock of goods, and of his claim of exemption to said stock of goods before the sale, and thus the misrepresentation, or disclaimer (if such it was), was rendered harmless.

TRULY, J., delivered the opinion of the court.

Stated most strongly for the appellants, this case is as follows: A. D. Thornton, one of the appellants, obtained a judgment against A. C. Hammack. Execution was issued thereon, placed in the hands of D. L. O'Neal, a constable, and by O'Neal levied on a stock of merchandise then in the possession of Hammack, which inventoried $207.48 at the date of the seizure. Hammack at the time of the levy claimed the property as exempt from seizure, for the reason, according to O'Neal's recollection, that it belonged to his wife, but according to the positive testimony of Hammack his claim was an assertion of his right to exemptions as a householder having a family and residing in a town, city, or village. Upon this claim being made by Hammack, that the property was not liable to seizure, the officer demanded of the execution creditor a bond to indemnify him against liability for damages on account of said seizure. The bond was given, signed by Thornton and his own sureties, appellants, in a penalty approximating though less than double the full value of the property, but conditioned according to Code 1892, § 3482, and not as prescribed by Code 1892, § 1967. Section 3482 relates to the bond which may be demanded by an officer levying an execution or other legal process on personal

property when "a doubt shall arise whether the right to the property be in defendant or not," and such bond should be conditioned that the obligors therein will "indemnify and save harmless the officer against all damages which he may sustain in consequence of the seizure or sale." This bond protects the officer, and also any claimant who may successfully propound a claim as owner of the property. Section 1967 provides that an officer may demand a bond when he shall be about to levy legal process "on any personal property claimed as exempt and a doubt shall arise as to the liability of the property to be sold," and should be conditioned to indemnify and save harmless the officer and "to pay the defendant all damages which he may sustain in consequence of the seizure or sale." This bond is intended to save harmless the officer against any claim for damages, and inures to the benefit of a defendant whose exempt personal property shall be wrongfully sold. As to such defendant, the amount of damage which he may recover in a suit on the bond is fixed by the statute at double damages for the loss he has sustained by the seizure or sale of the property. After the bond had been given as demanded, the officer proceeded to advertise for sale the property levied on, and on the day of sale, and before the sale in fact began, Hammack appeared, and preferred a claim to the property as exempt from seizure or sale, he being the head of a family and a householder, residing in a city, town, or village, and the property in question being personalty, and not exceeding in value $250, and demanded that the goods be released. This demand being made, the officer declined to proceed with the sale until he had received positive instructions from Thornton, the judgment creditor, and one of the obligors in the bond, who ordered the sale to be made, assuring the officer that he was fully indemnified and protected by the bond which had been previously executed and delivered to the officer. Thereupon the property was sold, and the bond was put in suit in the name of the payee for the use of the owner of the property against all the obligors in the bond, under the provisions of

Code 1892, § 1968. It developed upon the trial that this was all the personal property that Hammack owned. At the conclusion of the testimony, the appellants introducing no evidence, the circuit judge directed a recovery in favor of the appellee for $400, being the full penalty of the bond, but less than double the value of the property sold. From that judgment this appeal is prosecuted.

The first contention presented on behalf of appellants is that Hammack, by failing to select the property which he claimed as exempt when the execution was first levied, was deprived of his rights to subsequently make any claim of exemption. To this it would be sufficient to say that the law is not so written, and that all laws granting exemptions must be liberally construed in favor of those entitled to the exemption. But the contention is based upon a misconception of the statute. Section 1966 provides that when an officer shall be about to levy an execution upon property, any part of which is claimed as exempt, the officer "shall demand of the defendant that he make selection of such property as is exempted to him and in reference to which he has the right of selection." In the instant case this course was not followed by the officer, for although, by his own admission, Hammack claimed the property to be exempt, no request was made that he should select the property which he desired to claim as exempt, and no notice was given him that it was either his duty or privilege to make such selection. He did not, therefore, by this innocent omission, forfeit his right to the exemptions granted him by the law, but might at any time before sale assert his legal rights in a lawful way.

It is argued again that Hammack, by asserting, when the property was seized, that it belonged to his wife, thereby waived his right to demand the allotment of his exemptions. We fail to appreciate the force of this reasoning. If the property belonged to Mrs. Hammack, it was not subject to this execution, and Thornton had no valid lien on or claim to it. If the property belonged to Hammack, individually, it was still exempt because

less in value than the statutory exemption which is granted under sec. 1971. In either event the property was not lawfully liable to seizure, and the levy vested no interest in the property in the judgment creditor. In addition to this, on the day of sale, and before any rights had vested as against the owner of the property, Hammack did present his claim of exemption based upon the proper ground as prescribed by sec. 1971. This claim of exemption being filed, it was the duty of the officer to respect it, and, realizing this, the record shows that it was only upon the assurance of the judgment creditor that he was protected by the indemnifying bond that he was induced to proceed with the sale.

The contention that Hammack was not entitled to assert his right of exemption because he did not select the particular articles claimed as exempt, is not sustained by the statute. By the express terms of the law any species of personal property not exceeding in value $250 can be retained by certain exemptionists in lieu of the property exempted by the general provision to each head of a family. So, in the instant case, no specific selection or allotment and segregation of particular articles was necessary, because the aggregate value of all the personal property seized was less than the amount which the law exempted from seizure or sale to householders and heads of families residents of municipalities.

Finally, it is urged by the appellants that this judgment cannot be sustained because the bond which forms the basis of the suit was not conditioned according to law to meet the case presented by the facts of this record. The bond contains no specific recitation of the reason which induced the officer to demand it, or why Thornton was required to execute it. It simply states that the execution had been levied on a certain lot of general merchandise as the property of Hammack, and it is conditioned to save harmless the officer from the consequence of his action, and to pay and satisfy any person proving title to the goods all damages which such owner may sustain by reason of the seizure and sale. Section 1967 permits the officer to fix the penalty of

the indemnifying bond which he is authorized to demand in the
state of case made by that section, and in this case the amount
fixed was $400, something less than it would have been had the
penalty been fixed as required by sec. 3482. But brushing aside
all minor differences and trivial variances, the real legal in-
quiry is, What effect did the bond have? In the light of this
record, the answer to this must be that it permitted property
undeniably exempt from seizure or sale to be sold under execu-
tion to satisfy the judgment debt due one of the appellants. It
had, therefore, all the legal effect of a bond accurately drawn
and conditioned according to sec. 1967. Having had the effect of
a bond executed under the terms of that section, the obligors
therein are liable to the same consequences. Having claimed
the benefit and advantage, they cannot escape the penalty. This
by virtue of Code 1892, § 946. That section provides that when
a bond shall be executed in any legal proceeding it shall inure to
the person to whom it is designed by law as a security, and be
subject to judgment in his favor, no matter to whom it is made
payable, nor what is its amount, nor how it is conditioned; and
the person executing such bond shall be liable to judgment
thereon if such bond had the effect which a bond payable and
conditioned as prescribed by law would have had. Therefore in
the instant case the obligors are bound to the full extent of the
penalty of the bond as finally and completely as though the bond
had followed the exact verbiage of the statute. To hold other-
wise would operate as a gross injustice to the officer, who, rely-
ing upon the assurance of protection given by the bond, pro-
ceeded to make a sale of exempt property, which, in default
of the execution of such bond, he would not have done. To al-
low him now to suffer as under Code 1892, § 1969, he would do
if he had not taken an indemnifying bond, would be perversion
of justice. We find no error in the record.

*The judgment is affirmed.*