LEWIS ZUKOSKI v. WILHELMINA MCINTYRE.

[47 South. 435.]

1. HOMESTEAD. *Husband and wife. Husband must join in wife's deed.. Code 1906, § 2161.*

Under Code 1906, so providing, the deed of a wife to her homestead, not signed and acknowledged by her husband, if he be living with her, is void.

2. SAME. *Code 1906, § 2158. Ineffectual effort to sell. Abandonment.*

Under Code 1906, § 2158, so providing, a homestead does not become· liable for the owner's debts because sold by him or her; and a. wife's ineffectual efforts to sell her homestead, by the execution of a deed without her husband joining therein, did not subject it to liability for her debts, although she made no claim to it dur-· ing the time she thought her deed valid.

3. SAME. *When not abandoned. Case.*

Facts considered and adjudged not to constitute an abandonment.

4. SAME. *Right favored. Doubts.*

The homestead right is favored in law, and, when there is a serious· doubt as to whether land is a homestead, it should be solved in. favor of the exemptionist.

5. Equity Jurisprudence.    *Code* 1906, § 550.    *Quieting· title.*    *Neither party having title.*

     In a suit to quiet title to land, under Code 1906, § 550, authorizing such proceedings, if it appear that the complainant has neither a perfect legal nor equitable title his suit must be dismissed, although it be shown that the defendant is without interest in the land.

From the chancery court of Holmes county.

Hon. James F. McCool, Chancellor.

Mrs. McIntyre, appellee, was complainant in the court below; Zukoski, appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*W. S. Tackett,* for appellant.

The land was not a homestead. Section 2146 of the Code provides that the homestead shall consist of "the land and buildings owned and occupied as a residence." Section 2157 provides that "whenever the debtor shall cease to reside on his homestead, it shall be liable to his debts" (cease to be a homestead) "unless his removal be temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying it as soon as the cause of his absence can be removed." Under these two sections there are two classes of homesteads. One under section 2146 where, the other necessary conditions existing, the owner actually resides upon and occupies the building, on the land. Another under section 2157 where, the other necessary conditions existing, and the land having become impressed with character of a homestead under section 2146, the owner temporarily ceases to reside thereon, by reason of some necessity or casualty, with the purpose (at the start and continuously thereafter) "of speedily reoccupying it as soon as the cause of absence can be removed." A homestead of one class when called· in question must be established or overthrown, by an entirely different character of evidence required to establish or overthrow a homestead of the other class.

Appellee's bill is founded upon section 2146 and contains no allegations which would admit evidence of the facts dealt with in section 2157. The language of the bill is almost a literal copy of section 2146.

There is no more elementary rule of evidence than the one that "the proof must correspond with the allegation and be confined to the point at issue." Under this rule the proof ought and must show that Mrs. Watson was actually residing on the land at the time of the execution of the appellee's deed.

But even had the bill proceeded on the theory that this land was a homestead of the class dealt with under section 2157, no such homestead has been established. Before proceeding further, however, I desire again to call the court's attention to the fact, that cases must be tried and determined on the theory made by the pleadings, and not upon any theory different from the one made by the pleadings, which may be evolved from the evidence after the same comes in. *Allegata et probata* is a rule of both pleading and evidence, and is fundamental in all jurisdictions where cases are tried on written pleadings. "Allegations are essential to invest the court with jurisdiction of a subject matter, and to authorize it to proceed with a hearing. Such being the jurisdiction, the authority, the agency—it must be followed. The evidence must be relevant, otherwise it is incompetent. Evidence which does not correspond or is without allegation, is surplusage, and should be stricken out." Hughes on Procedure, sections 5a and 79. Allegations are construed most strongly against the pleader, and the expression of one thing is the exclusion of the other. Now "land and buildings" are not "occupied as a residence" by the owner thereof, when he has "ceased to reside" thereon, although his removal be temporary. The two things are distinct and inconsistent with each other, and so recognized by the statute. One of them is set out in the bill; the other, therefore, is excluded.

The land was not a homestead even under section 2157. What evidence is there to show that the removal was temporary?

*J. Wiener*, for appellee.

The conveyance from Mrs. Watson to Mrs. McIntyre regardless of registration was good, and evolves Mrs. Watson's title on Mrs. McIntyre. The homestead may be devised by the exemptionist, and even in case of death and intestacy, its character is preserved, and it descends to the widow and grandchildren.

The failure to file her deed for record did not prejudice Mrs. McIntyre's title so far as these present creditors are concerned.

The rule of *caveat emptor* applies to all execution sales. *Davis v. Hamilton*, 50 Miss. 222.

A perusal of Mrs. Watson's entire testimony, both her direct and her cross-examination, not merely a few excerpts selected by appellant's counsel, will easily disclose how anxiously she clung to this homestead, how jealously she watched and guarded it, and how tenaciously she stayed and resided on it. She never ceased to live on it, she was on it constantly. She never abandoned it; so to do was never her intention, and never entered her mind. It was "the only home she had, she had lived on it all her life," and she meant to keep it as such until the very day when misfortune forced her to part with it.

She was separated from her husband, she lived apart from him, together with her three children, supporting them and herself by her own efforts. This is established. She stated it frankly and to the point. She also stated that her husband owned no land, no property, he owned nothing.

Mayes, J., delivered the opinion of the court.

Mrs. Johana Lou Watson is a married woman, with a husband and three children living. In 1904 she owned the land in controversy, and resided on it with her husband and her children until some time in April. In April of 1904, Mrs. Watson went to reside with her husband on a place belonging to her husband's father, and for a time left her own place. The husband did not own any property at the time, and does not now so far as this record shows. Mrs. Watson remained with her husband

about six weeks on his father's place and then separated from him, finally going to Durant, about three miles from her former home. She states, that with this exception, she has always resided on her own place and claimed it as her homestead. While in Durant, and until she sold the place to Mrs. McIntyre, appellee, she was back and forth on the place in the daytime, but stayed with her aunt at night. Part of her place was rented to tenants during 1904; but a part of it she retained herself, and had it planted in strawberries and an orchard. While in Durant she left her furniture, wardrobe, and dining table in one of the rooms of the dwelling house on the land in question, and kept a horse and buggy, some chickens, and a cow there. In September, 1904, and while the above narrated conditions existed, she opened a millinery store in Durant, which continued in existence for a few months only, when she failed in business. On November 17, 1904, she executed a deed to Mrs. McIntyre, appellee, to the property in question for the consideration of $675, which was not joined in by her husband. This deed was not recorded by Mrs. McIntyre until the 24th of July 1905. In this condition of affairs, and on March 28, 1905, Lewis Zukoski recovered a judgment against Mrs. Watson in the circuit court for the sum of $470.23. After the recovery of this judgment, and on the 25th day of May, 1905, an execution was levied on the land in question, and the land was sold on July 3, 1905, at which sale Lewis Zukoski became the purchaser. After the sale under execution the sheriff duly executed to the purchaser a deed, which was filed for record on the 14th day of July, 1905, just ten days prior to the time when Mrs. McIntyre filed her deed for record under the attempted sale made to her by Mrs. Watson on the 14th day of November, 1904. In this condition of affairs Mrs. McIntyre instituted a suit in the chancery court of Holmes county under Code 1906, § 550, (Code 1892, § 500), seeking to have the title of Zukoski cancelled as a cloud on her title. The decree of the court declared the property to be the property of Mrs. McIntyre, and ordered the sheriff's deed to Zukoski to be cancelled.

·The· only question in this case is whether or not the land in· controversy can be considered a homestead. If the land in question constituted the homestead of Mrs. Watson at the time of her sale and deed to Mrs. McIntyre, it is now exempt from sale by the execution creditor, because her sale of the land, by express provision of the statute, would not make it liable. If this land is a homestead, the deed made by Mrs. Watson to Mrs. McIntyre· was a nullity, because not joined in by her husband. If the land was not a homestead, of course, it is liable to sale under the execution, since Mrs. McIntyre's deed was not recorded until long after the judgment was recovered, and the land sold under· this judgment, and the facts in the record do not show that there· was any such change of possession as would have put any party on constructive notice that the lands were not the lands of Mrs.. Watson.

The homestead right is a favored one in the law, and the courts will not be on the alert to defeat the assertion of those rights. Whenever there is serious doubt as to whether or not property is or is not a homestead, the doubt should be solved in favor of the exemptionist, sustaining, instead of defeating, the estate, which is created by a sound legal policy. Under the facts of this case, the husband having no property of his own, not having established a homestead elsewhere, it required no stretch of the imagination to suppose that it was the purpose of Mrs. Watson to hold onto this property of hers as a homestead up to the time she attempted to sell same to Mrs. McIntyre. When she did make the deed to Mrs. McIntyre, the deed conveyed no title. This being the case, both by statute and under our decisions, it being required of complainant in a bill to remove clouds that he have a perfect legal or equitable title, and Mrs. McIntyre having neither, it was error in the court to sustain her bill and declare Mrs. McIntyre the owner of the property, and order the deed to Zukoski to be cancelled as a cloud. Mrs. McIntyre had no title, either legal or equitable, and hence no standing in court.

After the attempted sale to Mrs. McIntyre, on November 17th,

it being made in good faith and Mrs. Watson believing that she had really conveyed the property to Mrs. McIntyre, the fact that she.then left the property, and did not go upon it any more, and did not assert any title to it, constituted no such abandonment as would make the property liable to execution. Code 1906, § 2158 (Code 1892, § 1982), provides that the exempt property, real or personal, disposed of by the owner, shall not by disposal become liable for the debts of the owner. If the actual disposition of the exempt property and a removal therefrom on account thereof will not render the property liable to the debts of the owner, by virtue of the statute, an attempt to convey same, made in good faith, which fails because of an invalidity in the conveyance, though believed to be valid by the vendor and so acted on, will not make the property liable for debts. None of the litigating parties in this case has any title.

The decree of the court is *reversed,* and bill *dismissed.*