BRELAND *et al. v.* PARKER *et al.*[*]

(Division B. May 7, 1928.)

[116 So. 879. No. 27091.]

*Corpus Juris-Cyc. References: Exemptions, 25CJ, p. 10, n. 52; Homesteads, 29CJ, p. 910, n. 74; p. 915, n. 57; Vendor and Purchaser, 39Cyc, p. 1747, n. 97; For authorities passing on the rule as to construction of exemption statutes, see 11 R. C. L. 492; 2 R. C. L. Supp. 1262; 6 R. C. L. Supp. 664; On validity of conveyance of homestead by wife alone, see 13 R. C. L. 632.

*Currie & Currie,* for appellants.

478

*Mayson & Kelly* and *Paul B. Johnson,* for appellees.

*Currie & Currie,* in reply, for appellants.

Argued orally by *N. T. Currie,* for appellant.

ANDERSON, J. Appellant Mrs. Breland and her husband, now deceased, filed their bill in the chancery court of Perry county against appellees C. R. Parker and E. J. Mathis to cancel certain conveyances set out in the bill of a tract of land of approximately two hundred acres, known as the Daughdrill place, in Perry county, alleging that such conveyances were a cloud upon their title to a part of the lands (about one hundred twenty acres) and upon their mortgage rights in the balance of it (about eighty acres), and to foreclose a deed of trust in favor of appellant Mrs. Breland on the eighty-acre tract. Appellee Parker answered the bill, as did appellee Mathis, the latter making his answer a cross-bill, to which cross-bill appellant Mrs. Breland, her husband, and appellee Parker were made defendants. The cross-bill was answered by the defendants thereto, and there was a trial on the pleadings and proofs offered by the respective parties, resulting in a final decree dismissing the original bill. From that decree appellants prosecute this appeal.

During the pendency of the suit, the husband of appellant Mrs. Breland died intestate, leaving as his sole heirs appellant Mrs. Breland and seven minor children. The cause was thereupon revived in her name and the names of her children by her as next friend.

The land involved is described as the southeast quarter and the east half of the southwest quarter of section 4, township 2 north, range 9 west, in Perry county. It is known as the Daughdrill place, and the section in which it is located must be a short section, because in the evidence the tract is referred to as containing approximate-

ly two hundred acres. The description of the tract shows that it contains one-quarter and one-half of a quarter. Therefore, if the section in which it is located is a full section of six hundred forty acres, the tract contains two hundred forty acres.

For a proper understanding of the questions involved, it is necessary to divide the Daughdrill tract into two tracks, one containing about eighty acres, and the other about one hundred twenty acres. It is not deemed necessary to set out how these two tracts are divided. In this opinion the Daughdrill tract will be treated as containing two hundred acres, subdivided into two tracts, one of one hundred twenty acres, and the other of eighty acres.

Adjoining the two hundred acres was the home of appellant Mrs. Breland and her husband, during the lifetime of the latter. After the death of her husband, it continued to be her home up to and including the time of the trial of this case. It had been the family home for about fifteen years. It consists of forty acres.

J. L. Daughdrill, the owner of the Daughdrill tract of land, on the 2d of January, 1919, executed a deed of trust thereon in favor of the Federal Land Bank of New Orleans, to secure an indebtedness due that bank of nine hundred dollars. On the 12th day of February, 1923, this deed of trust was foreclosed *in pais,* when the husband of the appellant Mrs. Breland became the purchaser of the land covered by the deed of trust for the sum of eight hundred ninety dollars, one hundred ninety dollars of which was paid cash, and to secure the balance of seven hundred dollars appellant and her husband executed a deed of trust on the land in favor of the Federal Land Bank of New Orleans. On the 6th day of March, 1925, the husband of the appellant Mrs. Breland conveyed the Daughdrill tract of land to her. In that deed it was recited that the land conveyed constituted no part of the homestead of the grantor.

Appellee C. R. Parker desired to purchase from appellant Mrs. Breland eighty acres of the Daughdrill tract, described in the original bill and in the evidence of the case. It will be referred to as "the eighty-acre tract." The mortgage indebtedness of appellant Mrs. Breland and her husband to the Federal Land Bank of New Orleans had not been paid. There was due thereon about the sum of seven hundred dollars. The appellant Mrs. Breland was willing to convey to appellee Parker the eighty-acre tract of the Daughdrill land for a consideration of seven hundred dollars to be secured by a deed of trust on that tract. Appellee Parker was willing to purchase the land on those terms. They thereupon called on Mr. Ferguson, the agent of the Federal Land Bank of New Orleans in Perry county, for advice as to how the transaction should be consummated. Mr. Ferguson advised them that the best way to carry out their purposes was for appellant Mrs. Breland to convey to appellee Parker the entire Daughdrill tract of two hundred acres, and then have the latter reconvey to the former all of the tract except the eighty acres which were being purchased by appellee Parker. In other words, that appellee Parker reconvey one hundred twenty acres of the tract back to appellant Mrs. Breland, and retain only the eighty-acre tract which he was to purchase; and that appellee Parker execute a deed of trust in favor of appellant Mrs. Breland on the eighty-acre tract to secure the purchase money therefor, seven hundred dollars. Ferguson's plan was adopted and carried out. Accordingly, the conveyances executed on the 15th day of August, 1925, were all had as one transaction. The acknowledgments were taken by Mr. A. T. L. Watkins, an attorney and notary public. The deed from appellant Mrs. Breland to appellee Parker to the entire Daughdrill tract of two hundred acres was promptly placed of record on the deed records in the chancery clerk's office of Perry county. But neither the deed by which appellee

Parker conveyed back to appellant Mrs. Breland one hundred twenty acres of the land nor the deed of trust given by the former in favor of the latter on the eighty-acre tract to secure the purchase money thereof was ever filed for record in the office of the chancery clerk of the said county.

On the 21st day of December, 1925, appellee Parker and his wife, in consideration of four hundred dollars cash and the assumption by appellee Mathis of the seven hundred dollars Federal Land Bank mortgage on the land, conveyed to the latter the entire Daughdrill tract of two hundred acres.

Appellants allege in their bill that when appellee Mathis made this purchase of the land he was fully informed of the rights of the appellant Mrs. Breland therein; that appellee Mathis knew at the time of his purchase that appellee Parker had reconveyed to appellant Mrs. Breland one hundred twenty acres of the land, and had executed a deed of trust in her favor on the eighty-acre tract retained by him to secure the purchase money therefor of seven hundred dollars; and furthermore, that at the time of said conveyances between the appellant, Mrs. Breland and appellee Parker the one hundred twenty-acre tract constituted part of the homestead of appellant Mrs. Breland and her husband, who was living at the time of the conveyances, but who failed to join in said conveyance to appellee Parker.

We will consider, first, what, if any, homestead exemption rights the appellant Mrs. Breland had in the one hundred twenty-acre tract which appellee Parker reconveyed to her.

The evidence showed without conflict that, for at least fifteen years, appellant Mrs. Breland and her husband, with their children, had occupied as their home forty acres of land adjoining the Daughdrill tract; and it showed, further, that at the time appellant Mrs. Breland conveyed the Daughdrill tract to appellee Parker it, in

connection with the forty-acre home place, was being used and occupied as the homestead of the husband and wife. And the evidence, without conflict, as we view it, showed that after the reconveyance by appellee Parker to appellant Mrs. Breland of the one hundred twenty-acre tract of the Daughdrill place, she had been, and was at that time, occupying and using that one hundred twenty-acre tract, in connection with the home place forty, as her homestead, and that she continued to so use and occupy the one hundred twenty-acre tract, in connection with the home place forty, up to and including the trial of this cause. It adjoined the home forty acres.

Exemption laws are liberally construed in favor of the citizens head of the family claiming the exemption. *Bank* v. *O'Neal,* 86 Miss. 45, 38 So. 630; *Gilmore* v. *Brown,* 93 Miss. 634, 46 So. 840; *Zukoski* v. *McIntyre,* 93 Miss. 806, 47 So. 435.

The fact that, in the conveyance of the Daughdrill tract to appellant by her husband, it was recited that the land conveyed constituted no part of the homestead of the grantor did not estop appellant Mrs. Breland from asserting her homestead rights in the lands. That provision in the conveyance could not have misled either appellee Parker or appellee Mathis in dealing with the land, for they are presumed to have known that, under the law, appellant Mrs. Breland had the right to occupy and use, as a homestead for herself and children, a sufficient amount of the land adjoining the home place forty acres to constitute one hundred sixty acres. This, appellant Mrs Breland did, as the evidence showed. And after the evidence by her of eighty acres of the land to appellee Parker she continued to use and occupy, as part of her homestead, the remaining one hundred twenty-acre tract. We are of the opinion, therefore, that the conveyance by appellant Mrs. Breland to appellee Parker of the one hundred twenty-acre tract was void, because it was a part of her exempt homestead, and her husband,

who was living at the time, failed to join in the conveyance.

The remaining question is, What are the rights of appellant Mrs. Breland as against appellee Mathis, under the mortgage executed by appellee Parker in her favor, on the eighty-acre tract to secure the purchase money therefor?

Appellee Parker testified, and his testimony was corroborated, that he could neither read nor write; that he only proposed to sell to appellee Mathis eighty acres of the Daughdrill tract—the eighty acres he had bought from appellant Mrs. Breland and had given a mortgage thereon to secure the purchase money therefor; that he told appellee Mathis that the eighty-acres of the Daughdrill tract was all that he owned, the balance (one hundred-twenty acres), being owned by appellant Mrs. Breland. He testified that he explained to appellee Mathis fully the transactions between himself and appellant Mrs. Breland by which she first deeded to him the entire Daughdrill tract, and, as a part of the same transaction, he reconveyed to her all the tract, except the eighty acres which he was purchasing from her, and gave her a deed of trust on the latter to secure the purchase money therefor.

On this question, the evidence for appellants and appellee Mathis was squarely in conflict. Appellee Mathis testified in his own behalf, and was corroborated by other testimony, that he had no actual knowledge whatever of the rights claimed by Mrs. Breland in the land. He testified that he had Mr. A. T. L. Watkins, an attorney, to examine the deed and deed of trust records in Perry county, and, in purchasing the land, relied on the fact that those records showed a perfect title to the entire Daughdrill tract of land in appellee Parker. Mr. Watkins was the attorney and notary public who was present and took the acknowledgments to the conveyances and deed of trust of August 15, 1915, between appellant

Mrs. Breland and appellee Parker. It appears from the evidence, without conflict, that, at the time of the conveyance of the land from appellee Parker to appellee Mathis, appellant Mrs. Breland was in the possession and use and occupation, in connection with the home forty-acre tract, of the one hundred twenty-acre tract of the Daughdrill land which appellee Parker had reconveyed to her.

On cross-examination, appellee Mathis admitted in his testimony that, at the time he purchased the land from appellee Parker, Mr. Watkins, his attorney, told him that he had an impression that the latter had reconveyed to appellant Mrs. Breland part of the land; that, thereupon, appellee Parker, who was present, was asked whether that was true or not, and stated that it was not. From what has been stated, it will be seen that the position of appellee Mathis is that he was the *bona-fide* purchaser for value of the entire Daughdrill tract of land, without any notice, constructive or actual, of the rights therein of appellant Mrs. Breland, and that, therefore, his title must prevail, both as against the title of appellant Mrs. Breland to the one hundred twenty-acre tract and her rights, under her deed of trust, as against the eighty-acre tract.

As we have undertaken to show above, a complete answer to the contention of appellee Mathis as to the one hundred twenty-acre tract is that the appellee Parker got no title thereto by the conveyance of appellant Mrs. Breland of it to him, because at the time it constituted a part of the homestead of appellant and her husband, who was then living, but who failed to join in the conveyance. Under the law, a person purchasing an exempt homestead is affected with notice of the exemption and with the knowledge of the law that it is necessary to a valid conveyance of a homestead that both husband and wife join in such conveyance. In that respect the purchaser acts at his peril. His good faith does not pro-

tect him. He should ascertain the facts and, if he fails to do so, must suffer the consequences.

As to the eighty-acre tract, we think the evidence was overwhelming that appellee Mathis, when he purchased the land from appellee Parker, knew of the rights of appellant Mrs. Breland therein; or, what is equivalent in law, he had knowledge of facts and circumstances, which, if diligently followed up, would have led a reasonable person to ascertain what the rights of appellant Mrs. Breland were in the eighty-acre tract. In brief, the facts and circumstances, in addition to the direct testimony of appellee Parker and others constituting such notice, were as follows: When appellee Mathis purchased the tract of land from appellee Parker, appellant Mrs. Breland, with her children, was in the open possession and occupation and use of that part of the tract (one hundred twenty acres) to which she claimed title as a part of her homestead.

Possession of land by one under claim of title is notice of the world of such claim. The rights of such a claimant, although the evidence of title be not of record, are protected against a *bona-fide* purchaser or incumbrancer. *Taylor* v. *Lowenstein,* 50 Miss. 278; *Strickland* v. *Kirk,* 51 Miss. 795; *Money* v. *Ricketts,* 62 Miss. 209. It is true, this principle does not apply to one in possession of land who had conveyed the land by deed duly recorded. In such a case the possession of the grantor is not notice to an innocent purchaser for value from the grantee; the grantor's deed being the equivalent of an assertion by the grantor that the title is in his grantee. *Hafter* v. *Strange,* 65 Miss. 323, 3 So. 190, 70 Am. St. Rep. 659. However, the present case does not come within the principle declared in *Hafter* v. *Strange.* When appellee Mathis purchased the entire Daughdrill tract from appellee Parker, as stated above, appellant Mrs. Breland was occupying and using one hundred twenty acres of it as part of her homestead. Appellee Mathis

was affected with notice of that fact. He knew that this one hundred twenty acres was a part of the entire tract he was buying. He should have availed himself of this knowledge by inquiring of appellant Mrs. Breland exactly what her rights were, not only as to the one hundred twenty-acre tract, but as to the eighty-acre tract as well. The history of the dealings between appellant Mrs. Breland and appellee Parker as to the two tracts of land were inseparable; they could not be disconnected. Each was a part of the other. A knowledge of the history of the transactions with reference to one would inevitably have led to a knowledge of the transactions with the other. And furthermore, the admission of appellee Mathis, while testifying in his own behalf, that his attorney, Mr. Watkins, told him, when the purchase was being made of the entire tract from appellee Parker, that he, Watkins, had the impression that appellee Parker had reconveyed a part of the tract to appellant Mrs. Breland is most significant. It is true, appellee Mathis testified that appellee Parker assured him that there had been no such reconveyance, but we do not think appellee Mathis had the right, under the facts and circumstances, to rest on such assurance, if it was given, because, as stated, there was staring him in the face the fact that appellant Mrs. Breland, with her children, was in possession of one hundred twenty acres of the land, using it and occupying it as a part of her homestead. This should have excited inquiry on his part. He should not have relied on the fact that there stood on the deed records of Perry county a deed from appellant Mrs. Breland to appellee Parker to the entire tract. In *Hafter* v. *Strange, supra,* the facts were very different. There the grantor claiming title, whose deed was on record, based his claim of title on the ground that the conveyance from him had been procured by fraud. In the case now before the court, the grantor, appellant Mrs. Breland, it is true had conveyed the entire tract of land, and the deed con-

veying the same was of record, but she had received a conveyance back from the vendee to a part of the land, which, as stated, she was using and occupying as a part of her homestead. We are of opinion that this was enough, in connection with the other facts and circumstances of the case, to affect appellee Mathis with notice of the rights of appellant Mrs. Breland.

It follows from these views that the decree appealed from should be reversed.

In view of the state of the record, we think it better that the cause be remanded, and final decree therein entered not in conflict with this opinion.

*Reversed and remanded.*