**Sadie HAMLIN et al., Plaintiffs,**

v.

**Edward D. HAMLIN et al., Defendants.**

**No. EC6440.**

United States District Court
N. D. Mississippi, E. D.

Dec. 28, 1964.

Charles R. Wilbanks, Corinth, Miss., for plaintiffs.

H. M. Ray, U. S. Atty., Thomas G. Lilly, Asst. U. S. Atty., Oxford, Miss., for defendant United States.

Orma R. Smith, Smith & Smith, Corinth, Miss., for defendants Edward and Ruby Hamlin and J. T. Yancey.

CLAYTON, District Judge.

This suit originated by the filing of a bill of complaint in the Chancery Court of Alcorn County, Mississippi, by certain heirs and devisees of Dave Hamlin to set aside as fraudulent, conveyances made by Dave Hamlin to defendants, Edward D. Hamlin and his wife, Ruby Hamlin, and

to cancel as clouds on their title deeds of trust in favor of the defendant, J. T. Yancey, and the defendant, United States. The action was removed to this court on the petition of the United States, in reliance on 28 U.S.C. §§ 1441(b), 1444 and 2410. All the defendants, other than the United States, moved to remand and the United States moved to dismiss. These motions are before the court for disposition on briefs of the parties. Since the motion to remand raises a jurisdictional question, it will be dealt with first.

## I.

The statutory basis for the joinder of the United States as a party defendant appears in 28 U.S.C. § 2410. Subsection (a) of this statute reads:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.

It is necessary for this court to consider only 28 U.S.C. § 1444, which reads as follows:

> Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

The plain language of the two quoted statutes makes it clear that the United States has an absolute right to remove this action to this court. In Vincent v. P. R. Matthews Co., D.C., 126 F.Supp. 102, in dealing with this very question, the court said:

> 28 U.S.C.A. § 2410 waives the immunity of the United States in an action to foreclose a lien upon real or personal property, upon which the United States has or claims to have a lien. This waiver expressly permits the United States to be sued in a state court having jurisdiction of the subject matter. Such immunity, however, is granted under the condition prescribed in Section 1444, which gives the United States the *unqualified option to remove such an action to the district court.* It follows that the immunity waived is conditioned upon the right of removal, and should that right be withheld or thwarted, it would seem to follow that the immunity is withdrawn. It follows, therefore, that there is no basis upon which this court can remand the case over the objection of the United States. (Emphasis added.)

See also Gordon v. Feldman, D.C., 152 F. Supp. 257; Herter v. Helmsley-Spear, Inc., D.C., 149 F.Supp. 713; United States v. Webster Record Corp., D.C., 192 F.Supp. 104; Commercial Credit Corporation v. Schwartz, D.C., 126 F.Supp. 728; Hood v. United States, 9 Cir., 256 F.2d 522.

It is not necesary for more to be said for this court to hold that the motion to remand is not well taken and it will be denied and overruled.

## II.

The motion to dismiss for failure to state a claim against the United States upon which relief can be granted shall be treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure, since matters outside the pleading have been presented to and not excluded by the court. Reasonable opportunity to present pertinent material was given to the parties by the court's letter of 13 July, 1964, in which counsel were directed to furnish the court briefs, affidavits, and counter-affidavits on the motion.

Taken as a motion for summary judgment, the sole issue is whether the pleadings and affidavits show that there is no genuine issue of fact as to the claim of

the United States that it was a bona fide encumbrancer for value without notice of the alleged fraud, making the conveyance by Dave Hamlin to Edward Hamlin defective.

The complaint alleges that Edward Hamlin fraudulently induced his father, Dave Hamlin, to deliver to him a warranty deed in 1958, conveying forty-four and one-half acres of land, reserving a life estate to the grantor. The deed recited a consideration of $3500.00 (which plaintiffs allege was never paid), while the value of the land is alleged to have actually been $8,000.00. It is also alleged that Edward Hamlin fraudulently induced Dave Hamlin to execute and deliver a quitclaim deed in October 1963, releasing the life estate; that Dave Hamlin, being unaware that he had extinguished his life estate, continued to occupy the land until his death on 15 December, 1963; and that on 21 November, 1963, Edward Hamlin executed and delivered a deed of trust to Joseph R. Wilson, trustee for the benefit of the United States, acting through the Farmers Home Administration, to secure an indebtedness of $8500.00. If the alleged frauds make the 1958 conveyance defective, and if the United States can be charged with notice of that defect, it cannot be a bona fide encumbrancer for value without notice.

Plaintiffs argue in their brief that Dave Hamlin's occupancy of the land until his death and the gross inadequacy of the consideration for the 1958 warranty deed are each sufficient to charge the United States with notice of the alleged fraud. Dealing first with the question of occupancy, it must be noted at the outset that the Supreme Court of Mississippi has held that continued possession by a grantor is not notice of any claims in the title by the grantor. Hafter v. Strange, 65 Miss. 323, 3 So. 190 (1887). There are, however, several decisions which imply a contrary rule, or at least modify the Hafter rule. See Jones v. Grimes, 115 Miss. 874, 76 So. 735 (1917); Breland v. Parker, 150 Miss. 476, 116 So. 879 (1928); Crawford v. Brown, 215 Miss. 489, 61 So.2d 344 (1952). On the facts here, there is no need to reconcile these decisions, because the question of occupancy is not material to this case.

■ Dave Hamlin's occupancy between 1958, when the warranty deed reserving a life estate was delivered, and October 1963, when the quitclaim deed releasing the life estate was delivered, is not incompatible with the record title. His occupancy after the quitclaim deed could relate only to that deed, and as far as that occupancy is concerned, the lien of the United States could be attacked only as it affected the interest conveyed by that deed, i. e., release of the life estate. That interest was extinguished at the latest on Dave Hamlin's death more than five months before this action was filed, and the validity or invalidity of the quitclaim deed can have no bearing on the result here.

■ There remains the alleged inadequacy of consideration for the 1958 warranty deed. That deed recites the consideration of $3500.00 and the complaint alleges that the actual value of the land was $8,000.00, but there is nothing in the record now before this court to support or refute the latter figure. If plaintiffs can prove that the recited consideration[1] was grossly inadequate, it may be possible that the United States could be charged with notice thereof. Furthermore, even if the allegation of value were taken as proven, it is doubtful that resolution of this issue could be had on consideration of nothing more than the two figures, since the circumstances could possibly be material.

In these circumstances, this court is unable to say that there is no genuine issue as to any material fact. The motion

[1]. The allegation that the recited consideration was never paid cannot serve to widen the gap between consideration and value, because the United States must be permitted to rely on the recorded facts of title in determining adequacy of consideration.

**302**

to dismiss, taken as a motion for summary judgment, is well taken and will be sustained to the extent that the questions arising from the post-conveyance occupancy of the grantor, and the validity of the quitclaim deed as it may affect the bona fides of the United States, are taken out of the case, but it must be overruled as to the sole question of adequacy or inadequacy of consideration, which must be left for disposition after a full development thereof on trial.

Order will be entered in accordance with this opinion.